J-A10008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VIRGINIA M. OBENSKI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEENAN TRANSMISSION | : | No. 3137 EDA 2019 |

Appeal from the Order Entered October 2, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2013-11236

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED JULY 24, 2020**

Virginia Obenski appeals *pro se* from the order that denied her petition to reclaim stolen vehicle.  We affirm.

We glean the following from the certified record.  Ms. Obenski is the registered owner of a silver 2001 BMW sedan.  In May 2012, her husband, Bernard Obenski, took the vehicle to Meenan Transmission for diagnosis of transmission problems.  Meenan ultimately performed repairs to the vehicle amounting to over $7,000.  When the Obenskis refused to pay for the work, claiming that it had not been authorized, Meenen declined to return the vehicle to them.  Ms. Obenski initiated this action against Meenan after Meenan sued Mr. Obenski in a separate lawsuit to recover the value of the repairs.  Meenan

_____

[*] Retired Senior Judge assigned to the Superior Court.

stated breach of contract and unjust enrichment counterclaims against Ms. Obenski.

Ms. Obenski prevailed in her action before a magisterial district judge, obtaining an award of approximately $3,000, and Meenan appealed. A panel of arbitrators found for Meenan, awarding it close to $4,000 on its counterclaim, and Ms. Obenski appealed. The instant case was consolidated with Meenan's case against Mr. Obenski for a *de novo* non-jury trial, but was severed on the scheduled trial date, and the cases proceeded to *seriatim* trials.

In the case at issue in this appeal, the Honorable Thomas M. DelRicci entered a verdict in favor of Meenan on Ms. Obenski's claims, but on behalf of Ms. Obenski on Meenan's counterclaims. Verdict, 1/6/15. ***See also*** N.T. Trial, at 136. Judge DelRicci explained that Ms. Obenski's claim to have the vehicle returned to her failed because she offered no evidence that she owned it. ***See id***. at 134 ("[H]er claim for repossession or the value of the vehicle must fail, because . . . nothing has been submitted to the [c]ourt during the course of this trial that would indicate ownership of the vehicle."). The court indicated that her claims for damages also failed for want of evidence. ***See id***. at 134-35. Meenan then opted to dismiss its claim against Mr. Obenski, and the trials concluded.

On January 9, 2015, a poorly worded judgment was entered on the verdict in the instant case: "Judgment entered in favor of Virginia M. Obenski; Meenan Transmission and against Meenan Transmission; Virginia M. Obenski

for the sum of $0.00 with costs on the verdict . . . ."  Judgment, 1/9/15 (unnecessary capitalization omitted, some punctuation supplied).  No post-trial motions or appeal followed.

On April 20, 2015, Ms. Obenski filed a petition to assess damages, seeking entry of a judgment against Meenan in the amount of $12,000 plus costs.  Meenan filed an answer noting that Ms. Obenski was not entitled to an assessment of damages because judgment had been entered in favor of Meenan and against her.  Not distinguishing between her claims and Meenan's counterclaims, Ms. Obenski countered that both the verdict and the judgment entered upon it reflect that she prevailed.  The trial court[1] denied Ms. Obenski's petition following a hearing at which the court explained that Meenan prevailed on Ms. Obenski's claims against it, and the verdict and judgment in her favor pertained only to Meenan's counterclaims.  **See** N.T. Hearing, 7/31/15, at 10.  Ms. Obenski did not appeal the ruling.

In December 2017, apparently unaware that there were no longer any pending claims or parties, the prothonotary issued notice of its intent to terminate the case pursuant to Pa.R.C.P. 230.2, based upon lack of docket activity for more than two years.  Ms. Obenski filed a statement of intention to proceed, and the petition to reclaim stolen vehicle at issue in this appeal.

---

[1] While Judge DelRicci was the trial judge in this matter, the Honorable Bernard A. Moore has presided over the post-judgment proceedings in this case.

Therein, Ms. Obenski reiterated the same arguments that were rejected two and one half years earlier. The trial court scheduled a hearing on the petition, at which Ms. Obenski produced evidence of her ownership of the BMW, persisted in representing that the original verdict was in her favor, and sought both the return of the car and nearly $50,000 in damages. *See* N.T. Hearing, 9/24/19, at 8. Meenan opposed the petition based upon the record of the case, and requested attorney fees on the basis that Ms. Obenski's petition was frivolous and improper. *Id*. at 17-18. By order of October 2, 2019, the trial court denied Ms. Obenski's petition, but did not order her to pay Meenan's counsel fees.

Ms. Obenski filed a timely appeal. The trial court did not order Ms. Obenski to file a statement of errors complained of on appeal, and none was filed. However, the trial court authored an opinion pursuant to Pa.R.A.P. 1925(a). Ms. Obenski presents the following question for this Court's consideration: "Whether the lower court properly dismissed [Ms. Obenski's] petition to reclaim stolen vehicle and expenses?" Ms. Obenski's brief at 2 (unnecessary capitalization omitted).

Ms. Obenski summarizes her argument as follows:

> The Verdict Sheet signed by Judge DelRicci in favor of [Ms.] Obenski on the claim and in favor of [Ms.] Obenski on the counterclaim, states that [Ms.] Obenski was successful at trial on her case.

> The Verdict entered by Judge DelRicci in favor of [Ms.] Obenski, which was not appealed should not bar the relief sought.

Court did not issue a judgment.

Ms. Obenski's brief at 5.

The trial court determined that its consideration of the claims raised Ms. Obenski's petition were barred by *res judicata* and collateral estoppel. Specifically, the trial court opined:

> In this case, [Ms.] Obenski's right to reclaim the vehicle has been previously determined. The doctrine of collateral estoppel prevents re-examination of this issue.
>
> . . . [Ms.] Obenski's right to the relief she is seeking, the return of her car, along with her right to any damages, was fully adjudicated by the judgment entered against her in the bench trial in 2015. The judgment was not appealed.
>
> [Ms.] Obenski may not now obtain the relief she seeks. She did not prevail at the trial in 2015. Her right to relief cannot be re-adjudicated. This court finds no basis or rationale for finding that [Ms.] Obenski is entitled to the return of the vehicle in question or any other relief in this lawsuit.

Trial Court Opinion, 11/21/19, at 4-5.

We fully agree with the trial court that Ms. Obenski's petition was properly denied, but on a different basis.[2] As this Court has explained:

> *Res judicata* is a doctrine that operates to foreclose repetitious litigation by barring parties from re-litigating a matter that was previously litigated or could have been litigated. The doctrine only applies where four common elements exist: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. Under the doctrine of *res judicata*, a judgment on the merits in a prior suit **bars a second suit** on the

---

[2] "The rationale of a trial court does not bind this Court, and we may affirm its ruling on any basis." ***Wilson v. Parker***, 227 A.3d 343, 347 n.3 (Pa.Super. 2020).

same cause of action or one that could have been brought in the prior action.

The related doctrine of collateral estoppel or issue preclusion applies if: (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the **prior-proceeding** was essential to the judgment. As distinguished from *res judicata*, which bars subsequent claims that could have been litigated in the prior proceeding, but which were not, collateral estoppel only bars litigation of issues that were actually **litigated in the prior action**.

***Wilmington Tr., Nat'l Ass'n v. Unknown Heirs***, 219 A.3d 1173, 1179 (Pa.Super. 2019) (cleaned up, emphases added).

Here, Ms. Obenski has not filed a subsequent action and does not seek to re-litigate the claims or issues previously decided by Judge DelRicci in this case. Rather, she maintains that Judge DelRicci's verdict, and the subsequent judgment entered on that verdict, were in her favor on both her claim and the Meenan's counterclaim. ***See***, ***e.g.***, Ms. Obenski's brief at 6 ("The Verdict sheet signed by Judge DelRicci shows that the Court found in favor of Plaintiff (Virginia Obenski) on the claim and in favor of Virginia Obenski on the Counterclaim."). Thus, Ms. Obenski has not filed a "new" claim for relief or a second lawsuit, but has attempted to resurrect her underlying civil action that was decided with finality years ago.

Ms. Obenski's gambit is based upon a willful refusal to accept the clear rulings of Judge DelRicci that are fully apparent from the record. In rendering

his verdict on Ms. Obenski's claims against Meenan, Judge DelRicci stated as

follows on the record:

> The plaintiff's claim in this case relies on several theories. The first theory is that as owner of the car, she is entitled to have her car back. She also claims that there was negligence on the part of the defendants in this case in terms of their handling of the repair. These are all in her complaint. She also claims that she has undergone emotional distress and she has also claimed that there was a certain value to this vehicle.

> Unfortunately, and I think this is partially because the plaintiff is unfamiliar with legal proceedings, the plaintiff has failed to establish her ownership of this vehicle. There is no testimony before this court whatsoever that [Ms.] Obenski owns this car. She did not testify she owned the car. No one else testified she owned the car. There is no ownership certificate that has been admitted into evidence in this case. I have no way of knowing that [Ms.] Obenski, based on this trial and the testimony that I have heard today, owns this vehicle.

> As such, her claim for repossession or the value of the vehicle must fail, because the first thing someone has to do when they make a claim for something they claim is theirs, is to prove to the court or introduce some evidence to show the court that they, in fact, own the property. In this case, nothing has been submitted to the court during the course of this trial that would indicate ownership of the vehicle. That could have been done very easily by submitting to me a copy of the title or ownership certificate of the car, but it was not done.

> Similarly, there has been no evidence whatsoever of any negligence. So even if she owned the car, her claim is that somehow repairs were done negligently to the vehicle. There has been no testimony that anything negligent was done, or that anything improper was done.

> Her claim for emotional distress, although legally insufficient because she can't sue for emotional distress in this kind of action, but none the less, there was no testimony from anyone that there was emotional distress.

As to the value of the car, there was no testimony on the plaintiff's side as to the value of the car. So I can't award a value of a car when there is no evidence to support any value of the car.

Now, there are other reasons on which this court has based this decision, but these were the easiest for me to explain so they could be understood.

So I find for the defendant on the claim and against the plaintiff.

As for the counterclaim, it rests in two theories; one is contract. The plaintiff on the counterclaim in this case, the transmission company, has not established that there was a contract with [Ms.] Obenski to repair this vehicle.

There is a claim for unjust enrichment, or *quantum meruit*, which are actually different theories in the law, but that's not important for this. To establish that, one must establish ownership of the vehicle, that the person who owns the vehicle received benefit. The defendant, probably for strategic reasons, did not establish ownership of the vehicle by [Ms.] Obenski and, therefore, the theory for unjust enrichment or *quantum meruit* must fail.

So I find for the defendant on the counterclaim, [Ms.] Obenski, and against the transmission company on the counterclaim.

So the result of this is the plaintiff has lost her claim; and the plaintiff on the counterclaim has lots [*sic*] its claim.

So ordered.

N.T. Trial, 1/5/19, at 133-36 (unnecessary capitalization omitted).

If that were not clear enough, the court moments later described its verdict as follows: "She sued to get her car back. She failed to establish her right to get her car back. . . . She lost. . . . That's over. . . . Case is done."

N.T. Trial, 1/5/15, at 141. Consistent with the on-the-record reporting of the verdict, a verdict form was filed stating: "the court finds for Meenan Transmission, defendant(s), for plaintiff, Virginia Obenski, and against defendant Meenan Transmission, in defendant's counterclaim." Verdict, 1/6/15 (unnecessary capitalization omitted).

If Ms. Obenski genuinely believed that the judgment entered in this case entitled her to recover from Meenan, the time for her to appeal to this Court for vindication of her rights was in 2015 when the trial court denied her petition for damages. However, while the judgment is not a model of clarity, Ms. Obenski's contentions that she prevailed at trial on any claim that would entitle her to damages or possession of the BMW are frivolous in the face of the record. Consequently, we do not hesitate in concluding that the trial court properly dismissed her 2017 petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/20