J-S12013-19

2019 PA Super 286

| | | |
|---|---|---|
| WILMINGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR VM TRUST SERIES 3, A DELAWARE STATUTORY TRUST | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | No. 615 MDA 2017 |
| UNKNOWN HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER HELEN A. BROLLEY, DECEASED, AND JAMES M. BROLLEY, (REAL OWNER) | : : : : : : : : : : | |
| APPEAL OF: JAMES M. BROLLEY | : | |

Appeal from the Order Entered March 9, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2985 of 2012

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

OPINION BY BOWES, J.:                    **FILED: SEPTEMBER 19, 2019**

James M. Brolley appeals from the March 9, 2017 *in rem* judgment in mortgage foreclosure entered in favor of Wilmington Trust, National Association, as Trustee for VM Trust Series 3, a Delaware Statutory Trust ("Mortgagee").  We vacate the judgment and dismiss the action with prejudice.

The following facts are relevant to our review.  On February 7, 2003, Helen Brolley executed a mortgage and note in the principal amount of $65,000, in favor of Wells Fargo Home Mortgage, Inc., on her property at 150

Laurel Drive, Mountain Top, Pennsylvania 18707 ("the Property"). The mortgage was duly recorded with the Recorder of Deeds of Luzerne County. The note provided for interest at an annual rate of 8.250%. On November 13, 2003, she transferred her interest to her son via deed, which was duly recorded. Helen Brolley died on March 15, 2006.

It is undisputed that no monthly payments of principal and interest were made on or after April 1, 2006. On August 8, 2007, Wells Fargo filed a complaint in mortgage foreclosure against James Brolley, seeking the amount owing from April 1, 2006, and each month thereafter. That action was docketed at No. 8805 of 2007. By order dated September 9, 2009, an *in rem* summary judgment was entered in favor of Wells Fargo and against Mr. Brolley.[1] That judgment was subsequently amended on September 27, 2010, to $99,263.92 plus interest from August 6, 2010 through the date of sale at six percent per year. There was no sale of the Property.

On October 28, 2011, Residential Credit Solutions, Inc., the servicer of the mortgage, sent notice of intent to foreclose on the mortgage addressed to the Estate of Helen Brolley at the Property. That notice recited that the

_____

[1] The mortgage was assigned several times, the first assignment occurring on April 29, 2009, from Wells Fargo to EMC Mortgage Corporation. Judgment in mortgage foreclosure subsequently was entered in favor of Wells Fargo. On March 22, 2018, Wells Fargo filed a *praecipe* to mark the judgment to the use of EMC Mortgage Corporation. Despite the judgment, EMC Mortgage Corporation subsequently assigned the mortgage to EMC Mortgage LLC on January 31, 2012, and, on February 11, 2015, EMC Mortgage LLC assigned it to Wilmington Trust, National Association, not in its Individual Capacity, but solely as Trustee for VM Trust Series 3, a Delaware Statutory Trust.

mortgage was in serious default, no monthly payment having been made since April 1, 2006. On March 12, 2012, EMC Mortgage LLC commenced the instant action at No. 2985 of 2012, by filing a complaint in mortgage foreclosure. Mr. Brolley filed a *pro se* answer to the complaint in which he pled that, "a legal judgment has already been rendered in this matter by Judge Peter Paul Olszewski." Answer in Mortgage Foreclosure, 5/17/12, at 1.

On April 22, 2013, EMC Mortgage Corporation filed a *praecipe* to vacate and discontinue the prior judgment at No. 8805 of 2007 "without prejudice," and thereafter the Mortgagee herein filed two motions for summary judgment, which the court denied. After a bench trial, the court entered judgment in favor of EMC Mortgage LLC.

Mr. Brolley filed post-trial motions, which were denied, and a timely appeal to this Court. In his Rule 1925(b) statement, he asserted that the trial court erred in failing to consider the affirmative defenses of collateral estoppel and *res judicata* that he raised in his *pro se* answer. The trial court, in its Rule 1925(a) opinion, found the defenses waived as Mr. Brolley failed to plead them as new matter pursuant to Pa.R.C.P. 1030(a). This Court disagreed, vacated the judgment, and remanded the matter to the trial court "for consideration on the merits of [Mr. Brolley's] affirmative defenses." ***EMC Mortgage, LLC v. Unknown Heirs***, 153 A.3d 1110 (Pa.Super. 2016) (unpublished memorandum at 4).

Following remand, the trial court held a status conference. It issued an order directing the parties to brief the legal issues and ordering that "the

transcript, evidence, and stipulations of March 31, 2015" be made part of the new record. Order, 7/13/16, at 1. The order further stated that if the parties subsequently determined that they needed to present additional evidence, they could either stipulate to that evidence or request a phone conference with the court. *Id*.

Following submission of briefs and argument, the trial court ruled that the defense of *res judicata* applied to the prior judgment in mortgage foreclosure at No. 8805 of 2007, but not to subsequent defaults under the mortgage. Order, 12/8/16. That same day, the court issued a trial management order scheduling a non-jury trial for February 3, 2017, and ordering the parties to submit witness lists, expert reports, exhibit lists, proposed findings of fact and conclusions of law, and designating portions of depositions that they intended to offer.

Mr. Brolley filed a motion for reconsideration, alleging that the trial court erred in not finding the action barred based on *res judicata* and collateral estoppel, as well as the lack of Act 91 notice. The court ruled that the motion was premature as it had not ruled on the specific dates of alleged defaults, and that the arguments were more appropriate for the scheduled trial. ***See*** Order, 12/29/16, at 1. The parties complied with the pretrial order, and the caption was corrected to reflect EMC Mortgage LLC's earlier assignment of the mortgage to Wilmington Trust, National Association, not in its Individual Capacity, but solely as Trustee for VM Trust Series 3, a Delaware Statutory Trust.

Trial proceeded on February 3, 2017, although Mr. Brolley was not present. N.T., Bench Trial, 2/3/17, at 7. Mortgagee called Kimberly Harmstad from Shellpoint Mortgage Servicing, the servicer of the loan at issue. *Id*. at 8. She testified regarding the preparation of a document setting forth the payment history for the subject loan post-judgment on September 1, 2010, which was a screenshot marked and admitted as Plaintiff's Exhibit 9. It showed that the principal balance as of that date would be $59,859.75 as of the new default date, for a total payoff of $128,313.64. Mr. Brolley offered no testimony. Counsel argued, however, that as a result of the *res judicata* ruling, the Act 91 notice included with the instant complaint provided incorrect amounts, and was thus defective. *Id*. at 29-30. He urged that the complaint be dismissed on that basis as well.

Shortly after the conclusion of the trial, the court issued an order directing Mr. Brolley to brief his argument that Mortgagee had failed to comply with the notice requirements of Act 91 in its October 28, 2011 notice. Order, 2/8/17, at 1. Mr. Brolley complied, representing therein that although he received Act 91 notice on or about October 28, 2011, the Mortgagee failed to adduce any evidence that a proper Act 91 notice was sent with the correct deficiencies and amounts remaining on the mortgage after the court ruled that *res judicata* applied. Mortgagee countered that Defendant had admitted that Act 91 notice complied with the statute, and thus, any objection to notice was waived.

On March 9, 2017, the court found in favor of Mortgagee and entered an *in rem* judgment in the amount of $128,313.64 as of January 31, 2017 with the *per diem* rate of $14.31 and a monthly late charge of $24.41. The court found that Mortgagee proved its mortgage foreclosure claim as to Mr. Brolley's defaults from October 1, 2010 to date. The court also rejected Mr. Brolley's claim that the October 28, 2011 Act 91 Notice was defective, finding that the notice requirements were temporarily suspended at that time, and only went back into effect on October 2, 2012, and thus, no notice was required.

Mr. Brolley did not file a post-trial motion following the trial court's determination.[2] Rather, he appealed to this Court on March 9, 2017, and thereafter complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. He presents two issues for our review:

1. Whether the trial court erred and abused its discretion in failing to address and apply the affirmative defense of collateral estoppel, a legal doctrine separate and apart from *res judicata*, and dismiss the Appellee's mortgage foreclosure action?

---

[2] On June 21, 2017, this Court issued a rule to Appellant to show cause why the appeal should not be dismissed for failure to file post-trial motions following the March 9, 2017 decision. Appellant filed a timely response in which he maintained that post-trial motions were not mandated by the Rules and, further that he filed a set of post-trial motions on June 23, 2017, "[o]ut of an abundance of caution." Response of Appellant to Order to Show Cause of June 21, 2017, 6/30/17, at 4. The rule was discharged and the matter referred to this Panel for disposition.

2. Did the trial court err and abuse its discretion by applying the incorrect date concerning when the Appellee should have issued an Act 91 Notice, 35 PS section 1680.403c, and erroneously finding that the temporary suspension of such pre-foreclosure notice applied in this matter?

Appellant's brief at 4.

Preliminarily, Mortgagee contends that the foregoing issues are waived as Mr. Brolley failed to file a post-trial motion pursuant to Pa.R.C.P. 227.1(c)(2), following the March 9, 2017 non-jury verdict.  Rule 227.1(c)(2) provides: "Post-trial motions shall be filed within ten days after notice of nonsuit or the filing of the decision in the case of a trial without [a] jury." Post-trial motions preserve issues for appeal because issues not raised in the lower court are waived.  **See Chalkey v. Roush**, 805 A.2d 491 (Pa. 2002); **see also Newman Development Group of Pottstown, LLC v. Genuardi's Family Markets, Inc.**, 52 A.3d 1233 (Pa. 2012).

Mr. Brolley maintains that he was not required to file a post-trial motion because Pa.R.C.P. 227.1(i), dealing specifically with cases on remand for further proceedings, governed.  That subdivision provides that:

a motion for post-trial relief relating to subsequent rulings in the trial court shall not be required unless

(1) The appellate court has specified that the remand is for a complete or partial new trial, or

(2) The trial court indicates in its order resolving the remand issues that a motion for post-trial relief is required pursuant to this rule.

Pa.R.C.P. 227.1(i). The 2015 Explanatory Comment to the Rule explains that subdivision (i) was added that year to address the gap in the rule where a matter is remanded for further consideration by the trial court, and "to give the practitioner certainty as to when a motion for post-trial relief is required in the remand context." 2015 Explanatory Comment. Mr. Brolley points out that this Court did not specifically remand for a new trial or partial new trial. Nor did the trial court indicate that a motion for post-trial relief was required. Thus, he contends that, under the express language of subdivision (i), he was not required to file post-trial motions on the facts herein.

The record confirms that this Court did not order a new trial or partial new trial upon remand. The trial court, after addressing the subject of the remand, ordered a new trial. The parties were directed to comply with all pretrial formalities. Additional testimony was taken; new exhibits were offered. In our view, the proceedings on remand constituted a trial. However, after the amendment to Rule 227.1 to include subdivision (i), the issue is not whether the proceeding on remand constituted a trial. Rather, the proper inquiry is whether our remand called for "a complete or partial new trial," or whether the trial court required Mr. Brolley to file a new post-trial motion. Since neither occurred, the filing of post-trial motions following remand was not required in order to preserve issues for appellate review. Hence, we find no waiver.

Mr. Brolley contends that the instant mortgage foreclosure action is barred by the doctrines of *res judicata* and collateral estoppel. He maintains that the prior *in rem* judgment in mortgage foreclosure on the note securing the Property is a bar to the instant action. He argues that the trial court erred in finding that *res judicata* only barred recovery for matters covered by the first judgment and that another action could be maintained based on the subsequent default. He also claims the trial court should have addressed his claim that collateral estoppel applied. Mortgagee counters that *res judicata* and collateral estoppel do not apply to bar this action because of the continuing nature of the contractual relationship and the possibility of numerous defaults. **See** Appellee's brief at 3.

As our sister court noted in **Robinson v. Frye**, 192 A.3d 1225, 1228 (Pa.Cmwlth. 2018), "[t]echnical *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) are 'related, yet distinct' components of the doctrine known as *res judicata*." We recently reaffirmed that "the decision to allow or to deny a prior judicial determination to collaterally bar relitigation of an issue in a subsequent action historically has been treated as a legal issue." **Rickard v. Am. Nat'l Prop. & Cas. Co.**, 173 A.3d 299, 304 (Pa.Super. 2017) (*en banc*) (quoting **Westfield Ins. Co. v. Astra Foods Inc.**, 134 A.3d 1045, 1049-50 (Pa.Super. 2016). Hence, as with all legal questions, "our standard of review is *de novo* and our scope of review is plenary." **Skotnicki v. Insurance Department**, 175 A.3d 239, 247 (Pa. 2017).

*Res judicata* is a doctrine that operates to foreclose repetitious litigation by barring parties from re-litigating a matter that was previously litigated or could have been litigated. The doctrine only applies where four common elements exist: "(1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued." ***Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.***, 902 A.2d 366, 378 n.9 (Pa. 2006). Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit on the same cause of action or one that could have been brought in the prior action. ***Weinar v. Lex***, 176 A.3d 907, 909 (Pa.Super. 2017).

The related doctrine of collateral estoppel or issue preclusion applies if: "(1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior-proceeding was essential to the judgment." ***R. W. v. Manzek***, 888 A.2d 740, 748 (Pa. 2005). As distinguished from *res judicata*, which bars subsequent claims that could have been litigated in the prior proceeding, but which were not, collateral estoppel only bars litigation of issues that were actually litigated in the prior action. ***Chada v. Chada***, 756 A.2d 39, 43 (Pa.Super. 2000).

Upon remand from this Court, the trial court was directed to consider whether *res judicata* or collateral estoppel were defenses to the current action in mortgage foreclosure. The trial court determined that *res judicata* barred recovery for default occurring as of the date of the earlier mortgage foreclosure judgment. However, it reasoned that since the mortgage is an installment contract, successive actions could be maintained for breach of an installment. In reaching its conclusion, the trial court cited **Fairbanks Capital Corp. v. Milligan**, 234 Fed. Appx. 21 (3d Cir. 2007) (holding doctrines of *res judicata* or collateral estoppel did not bar a second mortgage foreclosure action based on later default where first action was settled and the suit dismissed with prejudice), and a non-precedential memorandum decision of this Court where the first action in mortgage foreclosure resulted in a finding of no default.[3] For the reasons that follow, the trial court's reasoning is flawed.

In relying upon the aforementioned cases, the trial court failed to appreciate a critical factual distinction: the first mortgage foreclosure action in those cases did not culminate in a foreclosure, and hence, the mortgage

---

[3] The trial court's citation to an unpublished memorandum decision of this Court was prohibited under Pa. IOP Super. Ct. 65.37 ("An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding."). That IOP was recently amended to permit persuasive citation to **memorandum decisions filed after May 1, 2019**.

remained in effect after that proceeding. Accordingly, the mortgagor's responsibility for the monthly payments continued, and the potential for default remained. Those courts reasoned that, in the event of a subsequent default, mortgagee could file a new foreclosure proceeding limited to amounts owing after that default.

That reasoning is misplaced on the facts herein. In this case, Mortgagee prevailed in the first mortgage foreclosure action, and a judgment in mortgage foreclosure was entered at No. 8805 of 2007. Under Pennsylvania law, "[t]he doctrine of merger of judgments . . . provides that the terms of a mortgage are merged into a foreclosure judgment and thereafter no longer provide the basis for determining the obligations of the parties."[4] **EMC Mortg., LLC v. Biddle**, 114 A.3d 1057, 1064 (Pa.Super. 2015) (quoting **In re Stendardo**, 991 F.2d 1089, 1094-95 (3d Cir. 1993)). This is in accord with the general principle that "[w]hen a mortgage has been validly and completely foreclosed, it cannot ordinarily be the subject of further foreclosures." 59 C.J.S. Mortgages § 722 (West 2018).

---

[4] Although it is not relevant for the purposes of this appeal, we recognize an exception to that general rule where the mortgage clearly evidences the parties' intent to preserve the effectiveness of a term after entry of judgment. **EMC Mortg., LLC v. Biddle**, 114 A.3d 1057, 1064 (Pa.Super. 2015); **see**, **e.g.**, **In re Presque Isle Apartments**, 112 B.R. 744, 747 (Bankr.W.D.Pa. 1990) ("Once a claim is reduced to judgment, the legal rate of interest applies unless the documents evidence a clear intent to continue the contractual rate of interest post-judgment.").

The situation herein is remarkably similar to the facts in **Faulkner v. M&T Bank (In re Faulkner)**, 593 B.R. 263 (Bank.E.D.Pa. 2018). The mortgagee argued therein that it could institute a second mortgage foreclosure action even though there was a prior judgment in mortgage foreclosure because there were subsequent defaults. The bankruptcy court disagreed, finding that the argument "runs afoul of the merger doctrine." **Id**. at 282. The court reasoned:

> The entry of a foreclosure judgment fixes the positions of the parties: the mortgage merges into the judgment and no further monthly installments fall due as long as the judgment remained in effect. The debt secured by the mortgage is accelerated and is immediately due and payable in its entirety as set forth in the judgment. In short, there is no mortgage that could be in default or give rise to a new cause of action in mortgage foreclosure.

**Id**. at 282 (footnote omitted).

Our recent decision in **EMC Mortg., LLC**, **supra**, and the bankruptcy court's persuasive analysis in **Faulkner**, **supra**, inform our decision herein. In the case before us, Wells Fargo obtained an *in rem* judgment in mortgage foreclosure against the Property at No. 8805 of 2007, and assigned the judgment to the use of EMC Mortgage Corporation. Accordingly, the mortgage merged into that foreclosure judgment, and no further monthly payments were due. Thus, there could be no subsequent default upon which to foreclose, and the remedy was to execute on the Property and set it for sheriff's sale. In this action, Mortgagee is attempting to re-litigate a completed mortgage foreclosure proceeding in which a judgment was already obtained.

We find that the prior judgment in mortgage foreclosure bars this subsequent action in mortgage foreclosure.[5] It is undisputed that the parties herein were parties or privies to the parties in the prior action, and that they are suing and being sued in the same capacities. Both are actions for mortgage foreclosure based upon default under the same mortgage instrument. Having concluded that the mortgage merged into the prior judgment in mortgage foreclosure, and that thereafter, no obligation remained to make monthly payments, there can be no continuing default upon which to maintain the current mortgage foreclosure action. This matter was fully and finally litigated between the parties in the prior action, and the judgment in mortgage foreclosure entered in that action bars the current action in mortgage foreclosure.

For these reasons, we need not reach the issue of whether Act 91 notice was proper. We vacate the judgment and dismiss the action with prejudice.

Judgment vacated. Action dismissed with prejudice.

---

[5] For purposes of this appeal and the determination whether *res judicata* or collateral estoppel barred the instant mortgage foreclosure action, it is irrelevant whether the *praecipe* to vacate the earlier judgment in mortgage foreclosure at No. 8805 of 2007 was legally effective. The subject matter of the instant foreclosure action was fully and finally litigated between the parties or their privies, and the judgment on the merits operates as a bar to this action.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2019