J-A27037-20

2021 PA Super 29

| XTREME CAGED COMBAT & RYAN KERWIN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MICHELLE ZARRO & ALLAN ROSENBLUM | : | No. 654 EDA 2020 |
| APPEAL OF: RYAN KERWIN | : | |

Appeal from the Judgment Entered February 13, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2015-03980

BEFORE:   STABILE, J., NICHOLS, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                          Filed: February 25, 2021

Appellant Ryan Kerwin (Plaintiff) appeals *pro se* from a judgment entered in favor of Michelle Zarro and Allan Rosenblum (collectively Defendants) in a fraudulent transfer action following the trial court's grant of a nonsuit against him and the denial of his post-trial motions. For the reasons set forth below, we affirm the trial court's judgment in favor of defendant Allan Rosenblum, but vacate its judgment in favor of defendant Zarro and remand this case for a new trial of Plaintiff's claim against defendant Zarro.

Plaintiff filed a trademark infringement action against Steven Rosenblum (Debtor) and others in in the United States District Court for the Eastern

_____

[*] Retired Senior Judge assigned to the Superior Court.

District of Pennsylvania in July 2012 and in August 2014, a judgment was entered in his favor against Debtor and the other defendants in that action in the amount of $76,800. On December 11, 2014, Debtor filed a voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code.

On May 29, 2015, while Debtor's bankruptcy was pending, Plaintiff[1] filed the instant action against Defendants seeking relief against them under the Pennsylvania Uniform Fraudulent Transfer Act (PUFTA), 12 Pa.C.S. §§ 5101–5110 (in effect February 1, 1994 to February 19, 2018).[2] In his Complaint, Plaintiff averred that in August 2012, after he filed the trademark infringement action, Debtor used $50,000 of his own money to purchase a Levittown, Pennsylvania gym (the Levittown gym) and made defendant Allan Rosenblum, his father, a 50% owner of the Levittown gym. Complaint ¶¶7-9, 29-44. Plaintiff also averred that Debtor transferred his ownership of a gym at 8801 Torresdale Avenue, Philadelphia (the Torresdale gym) and its equipment to

---

[1] The complaint in this action also listed as a plaintiff Xtreme Caged Combat, which Plaintiff characterized is a "mixed martial arts promotion registered in the Commonwealth of Pennsylvania" of which he is the sole owner, and averred that Xtreme Caged Combat was also a plaintiff in the trademark action. Complaint ¶¶3-4, 7. Defendants in their answer asserted that Xtreme Caged Combat is a fictitious name owned by Plaintiff and another person and that it is not an entity at all. Answer and New Matter, Answer ¶¶3-4. Xtreme Caged Combat is not an appellant or participant in this appeal.

[2] After the transactions at issue here, PUFTA was amended effective February 20, 2018 and the name of the act was changed to the Pennsylvania Uniform Voidable Transactions Act. Act of December 22, 2017, P.L. 1249 §§ 1-5. These amendments, however, apply only to transfers on or after February 20, 2018. *Id.* §§ 7-8.

- 2 -

defendant Zarro, a friend. *Id.* ¶¶19-28, 38-44. Plaintiff averred that Debtor received no consideration for these transfers, asserted that the transactions constituted fraudulent transfers under Sections 5104 and 5105 of PUFTA, and sought to both recover damages from Defendants and set aside Defendants' ownership of the transferred property. *Id.* ¶¶38-44, 52-53, 57-58. On February 29, 2016, the bankruptcy court granted Plaintiff derivative standing to proceed with this action on behalf of Debtor's estate. *In re Rosenblum*, 545 B.R. 846, 863-73, 875 (E.D. Pa. 2016).

Defendants filed preliminary objections to Plaintiff's complaint and the court overruled those preliminary objections without opinion in February 2016. Trial Court Order, 2/10/16. Plaintiff filed a motion for summary judgment against defendant Zarro in January 2016, while Defendants' preliminary objections were pending, and that motion was denied by the same judge who had overruled the preliminary objections. Trial Court Order, 3/15/16. Plaintiff filed a second motion for summary judgment in 2018, seeking judgment against both defendants. In 2019, a different judge, from the Court of Common Pleas of Chester County, was assigned to this action and that judge denied Plaintiff's second summary judgment motion. Trial Court Order, 9/26/19.

This action proceeded to a jury trial on October 7, 2019, before the latter judge, at which Plaintiff represented himself *pro se*. At trial, Plaintiff abandoned his requests to set aside the transfers and sought only money

judgments from Defendants. N.T. Trial, 10/8/19, at 249-50. Plaintiff called three witnesses, Debtor, defendant Allan Rosenblum, and himself. Plaintiff also read into evidence defendant Zarro's interrogatory answers and introduced various documents into evidence, including a 2014 property claim made by defendant Zarro concerning the Torresdale gym and a lease between her and the Torresdale gym's landlord. On October 8, 2019, after Plaintiff rested his case, Defendants moved for a compulsory nonsuit and the trial court granted Defendants' motion. *Id.* at 244-70. Plaintiff timely filed post-trial motions seeking removal of the nonsuit and, alternatively, a directed verdict in his favor or a new trial. On February 12, 2020, the trial court entered an order denying Plaintiff's post-trial motions. Judgment against Plaintiff and in favor of Defendants was entered on Plaintiff's praecipe on February 13, 2020. This timely appeal followed.

Plaintiff argues the following issues as grounds for reversal of the trial court's judgment:

> A. Whether Appellant presented evidence at trial that if believed by the jury would have entitled him to judgment and whether the trial court erred in entering a non-suit against Appellant.
>
> B. Whether the trial court improperly supported its decision to enter the non-suit against Appellant by resolving issues of fact against Appellant instead of allowing those issues to be decided by the jury.
>
> C. Whether the trial court committed an error of law when it denied Appellant's motion for summary judgment and his subsequent request for judgment notwithstanding the verdict/non suit.

D. Whether the trial court violated the law of the case doctrine when it made legal findings that directly overruled and conflicted with the legal findings made by a [*sic*] another judge who had previously ruled in the same case.

E. Whether the trial court violated the doctrine of collateral estoppel when it made legal and factual findings that directly overruled and conflicted with the legal and factual findings made by the United States Bankruptcy Court who had previous ruled in the bankruptcy case that gave rise to the fraudulent transfer suit against the defendants in this case.

Appellant's Brief at 5-6 (unnecessary capitalization and suggested answers omitted).[3]   We first address Plaintiff's fourth and fifth issues, in which he claims that the trial court was barred by prior decisions from granting a nonsuit, followed by his first and second issues concerning the merits of the nonsuit, which we address together, and then his third issue.

In his fourth issue, Plaintiff argues that the trial court was barred from granting a nonsuit in favor of Defendants under the law of the case doctrine because a different judge had overruled Defendants' preliminary objection in the nature of a demurrer. This claim is without merit.

Contrary to Plaintiff's assertions, the law of the case doctrine does not bar a trial judge from ruling in defendants' favor at trial on an issue as to

---

[3] Plaintiff also lists as an issue whether the trial court erred in holding that his Pa.R.C.P. 1925(b) statement was insufficient to preserve any issues for appeal.  We agree with Plaintiff that his Rule 1925(b) statement was sufficient to preserve the above issues and that those issues are not waived.  Defendants in their brief request that this Court order Plaintiff to pay their attorney fees and costs in defending this appeal on the grounds that the appeal is frivolous.  Appellees' Br. at 67.  Because we conclude that Plaintiff's appeal from the nonsuit in favor of Zarro is meritorious, this request is denied.

which a different judge overruled preliminary objections. Under the coordinate jurisdiction rule, an aspect of the law of the case doctrine, a judge may generally not alter the resolution of a legal question previously decided by another judge of that court. *Riccio v. American Republic Insurance Co.*, 705 A.2d 422, 425 (Pa. 1997); *Parker v. Freilich*, 803 A.2d 738, 745 (Pa. Super. 2002). This rule, however, applies only where the second judge rules on the same type of motion as the first judge; the coordinate jurisdiction rule does not bar a judge at a later and different procedural stage of the case from overruling another judge's decision on preliminary objections, even on an identical legal issue and even where the record is unchanged. *Riccio*, 705 A.2d at 425-26; *K.H. ex rel. H.S. v. Kumar*, 122 A.3d 1080, 1091-92 (Pa. Super. 2015); *Parker*, 803 A.2d at 745-46; *Mellon Bank, N.A. v. National Union Insurance Co. of Pittsburgh*, 768 A.2d 865, 870-71 (Pa. Super. 2001). Because the ruling here was at trial, a different procedural posture from the preliminary objections, the coordinate jurisdiction rule could not limit the trial court's authority to grant a nonsuit.[4]

---

[4] Indeed, there is not even any overruling of an earlier decision here. There is no inconsistency between overruling a demurrer and the granting of this nonsuit. A demurrer assumes the truth of the complaint's averments and challenges the legal sufficiency of those averments, even if they are proven. *Keller v. Bank of New York Mellon*, 212 A.3d 52, 56 (Pa. Super. 2019). As is discussed below, the nonsuit here was not based on the insufficiency of Plaintiff's averments to state a cause of action, but on the trial court's conclusion that Plaintiff failed to prove facts essential to his cause of action at trial.

In his fifth issue, Plaintiff argues that even if he did not prove his causes of action, the trial court erred in granting a nonsuit because the bankruptcy court's decision in ***In re Rosenblum***, ***supra***, collaterally estopped Defendants from disputing the elements of those claims. This argument likewise fails.

The doctrine of collateral estoppel precludes a party from disputing an issue only where all of the following five elements are satisfied: (1) the issue is identical to an issue decided in a prior case, (2) the prior case resulted in a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to the prior case, or is in privity with a party to that case, (4) there was a full and fair opportunity to litigate the issue in the prior case, and (5) the determination in the prior case was essential to the judgment. ***E.K. v. J.R.A.***, 237 A.3d 509, 521 (Pa. Super. 2020); ***Wilmington Trust, N. A. v. Unknown Heirs***, 219 A.3d 1173, 1179 (Pa. Super. 2019). Whether collateral estoppel bars re-litigation of an issue is a question of law subject to this Court's plenary, *de novo* review. ***Wilmington Trust, N. A.***, 219 A.3d at 1179.

The requirements for collateral estoppel are absent here. Neither Allan Rosenblum nor Zarro was a party to the proceedings out of which the bankruptcy court decision arose. Rather, the parties to those proceedings were Plaintiff and Debtor. 545 B.R. at 852-53. Most importantly, there was no judgment in the bankruptcy court decision on the issues here, whether Plaintiff's evidence against Defendants was sufficient to prove a fraudulent

transfer cause of action and whether Debtor made any fraudulent transfer. The issue before the bankruptcy court was whether Plaintiff could bring a fraudulent transfer action against Defendants on behalf of Debtor's estate. *Id.* at 852-53, 873, 875. The bankruptcy court's only ruling concerning the merits of Plaintiff's action was a determination that Plaintiff's averments in his complaint that Debtor transferred ownership interests in the Levittown gym and the Torresdale gym and the contents of those gyms, **if proven**, would support fraudulent transfer claims, not that there was evidence to support those averments or that any fraudulent transfer to Defendants occurred. *Id.* at 863-70. Collateral estoppel therefore did not bar Defendants from disputing Plaintiff's fraudulent transfer claims against them and cannot constitute a ground for reversal of the nonsuit in their favor.

Moving to the merits of the trial court's grant of the nonsuit, Plaintiff argues in his first and second issues that he presented sufficient evidence for the jury to find all of the elements of his fraudulent transfer claims against Defendants and the nonsuit was therefore improper. A nonsuit is proper if, viewing the evidence and all reasonable inferences arising from it in the light most favorable to the plaintiff, a jury could not reasonably conclude that all of the elements of the plaintiff's cause of action have been established. *T.M. v. Janssen Pharmaceuticals Inc.*, 214 A.3d 709, 720 (Pa. Super. 2019); *Kovacevich v. Regional Produce Cooperative Corp.*, 172 A.3d 80, 85 (Pa. Super. 2017). We will reverse the grant of a nonsuit only if the trial court

abused its discretion or made an error of law. ***T.M.***, 214 A.3d at 720; ***Kovacevich***, 172 A.3d at 85.

Under Section 5104 of PUFTA, a transfer is fraudulent as to both present and future creditors 1) if it was made with intent to hinder or defraud a creditor or 2) if the debtor did not receive reasonably equivalent value and either the debtor's remaining assets were insufficient for a business that he was undertaking or the debtor was incurring debts beyond his ability to pay as they came due. 12 Pa.C.S. § 5104 (in effect February 1, 1994 to February 19, 2018);[5] ***Fell v. 340 Associates, LLC***, 125 A.3d 75, 81-84 (Pa. Super.

---

[5] Section 5104(a) provided that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
>
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

12 Pa.C.S. § 5104(a) (in effect February 1, 1994 to February 19, 2018).

2015); **Mid Penn Bank v. Farhat**, 74 A.3d 149, 153-56 (Pa. Super. 2013). Under Section 5105 of PUFTA, a transfer is fraudulent as to present creditors if the debtor did not receive reasonably equivalent value and the debtor was insolvent or was made insolvent by the transfer. 12 Pa.C.S. § 5105 (in effect February 1, 1994 to February 19, 2018);[6] **Knoll v. Uku**, 154 A.3d 329, 333-36 (Pa. Super. 2017). If a creditor proves that a transfer was fraudulent under Section 5104 or Section 5105, he may have the transfer set aside to the extent necessary to satisfy his claim. 12 Pa.C.S. § 5107 (in effect February 1, 1994 to February 19, 2018); **see also Knoll**, 154 A.3d at 336. The creditor may also recover the value of fraudulently transferred property from a transferee who received the property that the debtor fraudulently transferred or from a person for whose benefit the transfer was made. 12 Pa.C.S. § 5108(b) (in effect July 1, 2001 to February 19, 2018); **see also Farhat**, 74 A.3d at 152, 156.

_____

[6] Section 5105 provided that:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

12 Pa.C.S. § 5105 (in effect February 1, 1994 to February 19, 2018).

The only relief that Plaintiff sought at trial was recovery of the value of the transferred property from Defendants. N.T. Trial, 10/8/19, at 249-50. Plaintiff was therefore required to introduce evidence sufficient to prove not only that the transfers at issue were fraudulent under Section 5104 or 5105, but that Defendants were transferees or persons for whose benefit the transfers were made. 12 Pa.C.S. § 5108(b) (in effect July 1, 2001 to February 19, 2018). The trial court granted the nonsuit because it concluded that Plaintiff introduced no evidence at trial sufficient to show that Debtor transferred any property to either defendant Allan Rosenblum or defendant Zarro. Trial Court Order, 2/12/20, at 1-3 n.1; Trial Court Opinion at 3-5.

We agree that Plaintiff failed to introduce evidence sufficient for a jury to find that Debtor made a fraudulent transfer to defendant Allan Rosenblum or for his benefit and that the trial court properly granted a nonsuit in favor of defendant Allan Rosenblum. The evidence at trial concerning Plaintiff's claim against Allan Rosenblum showed that Debtor transferred $50,000 in August 2012 from his personal home equity line of credit to Charter Fitness, the owner of the Levittown gym, as consideration for the purchase of that gym business by Quick-Fit USA, LLC (Quick-Fit). N.T. Trial, 10/7/19, at 48, 123-35, 138; N.T. Trial, 10/8/19, at 45, 96-97, 131-32, 134. While this might show a fraudulent transfer by Debtor for the benefit of Quick-Fit, Plaintiff did not sue Quick-Fit or seek any relief against Quick-Fit. Allan Rosenblum did not receive

any funds or other property in the August 2012 transaction. N.T. Trial, 10/8/19, at 130, 167.

The only connection to this 2012 transfer that Plaintiff proved with respect to Allan Rosenblum was that Allan Rosenblum and Debtor were each 50% owners of Quick-Fit. N.T. Trial, 10/7/19, at 125-26; N.T. Trial, 10/8/19, 133-34, 160, 162. That ownership of Quick-Fit, however, was created when Quick-Fit was incorporated in 2009, long before Plaintiff's claim against Debtor arose. N.T. Trial, 10/7/19, at 20-21; N.T. Trial, 10/8/19, at 100-01, 113-14, 132-34, 138-39, 159-62. There was no evidence that Plaintiff was insolvent or unable to pay future obligations in 2009 or that Quick-Fit was formed to defraud any creditor. N.T. Trial, 10/8/19, at 135, 227-28. Nor was there any evidence that Allan Rosenblum ever received any money or other property from Quick-Fit in connection with or following the 2012 transaction or that he ever received any money or property from the operation of the Levittown gym. *Id.* at 49, 114-16, 141-42. There was also no evidence that Allan Rosenblum could receive any future benefit from the 2012 transfer. The evidence at trial showed that in 2017, Quick-Fit defaulted on its lease for the Levittown gym premises and its landlord took possession of all of the Levittown gym equipment. *Id.* at 128-29, 132.

Because there was no evidence introduced at trial that defendant Allan Rosenblum received any property transferred by Debtor or that there was any fraudulent transfer by Debtor for his benefit, the trial court properly concluded

- 12 -

that Plaintiff failed to prove a cause of action under PUFTA for a money judgment against this defendant.  12 Pa.C.S. § 5108(b) (in effect July 1, 2001 to February 19, 2018).

The trial court, however, erred in granting a nonsuit with respect to defendant Zarro.  The sole ground on which defendant Zarro sought a nonsuit was that that Plaintiff had failed to show that Debtor transferred property to her.  N.T. Trial, 10/8/19, at 256-57.  The evidence admitted at trial, taking all reasonable inferences in Plaintiff's favor, was sufficient for a jury to find that Debtor gave equipment in the Torresdale gym with a value of at least $4,200 to Zarro for no consideration after Plaintiff filed his 2012 trademark action when Debtor was no longer paying his debts as they came due.

Debtor testified that he and a partner, who was a defendant in Plaintiff's trademark action but not in this action, began operating the Torresdale gym in 2011 in leased space in a building owned by a third-party.  N.T. Trial, 10/7/19, at 4, 79, 93, 118-20, 185-86.  Debtor testified that he abandoned his ownership of the Torresdale gym business and the equipment in the Torresdale gym to Zarro, the sister of his paramour, in 2013 or 2014 and did not receive anything in exchange for abandoning that property.  *Id.* at 11-13, 43-44, 47, 88, 93-94, 181-82; N.T. Trial, 10/8/19, at 27-28, 80-81, 98.  Zarro admitted in interrogatory answers that Plaintiff read into evidence that she owned boxing equipment at the Torresdale gym address and that she did not pay anything for the equipment.  N.T. Trial, 10/8/19, at 174-78, 180-82.  The

evidence at trial also showed that Zarro in 2014 filed a claim of ownership of the equipment the Torresdale gym address and asserted that its value was $4,200 and that Zarro entered into a lease for the Torresdale gym premises in December 2013. Plaintiff's Exs. 11, 37. At the time that Debtor abandoned the Torresdale gym business and equipment, Debtor was not meeting his obligations to pay rent under the Torresdale gym lease. N.T. Trial, 10/7/19, at 186-87, 195-96, 198.

The trial court concluded that there was no evidence of a fraudulent transfer to Zarro because Debtor abandoned the business and equipment to the Torresdale gym's landlord and Zarro obtained the property from the landlord. Trial Court Order, 2/12/20, at 2-3 n.1; Trial Court Opinion at 5. The record, however, does not support a conclusion that the landlord owned the equipment or that Zarro obtained the equipment from the landlord, let alone require those conclusions. Debtor testified that he abandoned his ownership interest in the Torresdale gym and equipment to Zarro, not that the landlord took possession. N.T. Trial, 10/7/19, at 47, 94; N.T. Trial, 10/8/19, at 98. Moreover, Zarro's lease referenced only rental of space in a building, not acquisition or rental of any equipment. Plaintiff's Ex. 37 at 1.

Because there was sufficient evidence for a jury to find that Debtor transferred his ownership of the Torresdale gym and its equipment to defendant Zarro for no consideration, the trial court erred in granting her

motion for a compulsory nonsuit and Plaintiff's claim against defendant Zarro must be remanded for a new trial on his claim against her.

In his remaining issue, Plaintiff argues that the trial court erred in denying his second motion for summary judgment and that he is entitled under that summary judgment motion to judgment in his favor against both defendants on liability. This argument fails for two reasons.

First, as the trial court correctly held, Trial Court Opinion at 5, the denial of this summary judgment motion is not appealable as an issue separate from the grant of the nonsuit at trial. This Court has held that where, as here, a summary judgment motion is based on the sufficiency of the evidence to prove the plaintiff's claims, once a case goes to trial and evidence is presented at trial, the denial of summary judgment is moot and the sufficiency of the evidence must be analyzed based on the trial record. ***Whitaker v. Frankford Hospital of City of Philadelphia***, 984 A.2d 512, 517 (Pa. Super. 2009).[7]

---

[7] We note that our Supreme Court and this Court in reported decisions subsequent to ***Whitaker*** have in fact ruled on the merits of denials of summary judgment in appeals following a hearing or trial. ***See Woodford v. Insurance Department***, 243 A.3d 60, 68-71 (Pa. 2020) (affirming denial of summary judgment on the merits in appeal from judgment following evidentiary hearing); ***Krepps v. Snyder***, 112 A.3d 1246, 1257-60 (Pa. Super. 2015) (affirming denial of plaintiff's motion for summary judgment on the merits in appeal from judgment following trial). These decisions, however, have not addressed the issue of whether the factual record at trial supersedes the denial of summary judgment and whether the denial of summary judgment is appealable as a separate issue following trial. No decision has overruled ***Whitaker***, and it therefore remains binding precedent.

Secondly, even if we could consider this issue, it would fail. Plaintiff contends that he was entitled to summary judgment in his favor on two grounds: 1) because Defendants failed to respond to the motion and its statement of undisputed facts and 2) because he allegedly showed that the elements of his fraudulent conveyance were undisputed. Neither of these arguments has merit.

Contrary to Plaintiff's contentions, failure to respond to a summary judgment motion does not require a trial court to grant summary judgment in favor of the movant. *Woodford v. Insurance Department*, 243 A.3d 60, 71 n.9 (Pa. 2020); *Thomas v. Elash*, 781 A.2d 170, 177 (Pa. Super. 2001). Moreover, Plaintiff did not endorse the statement of undisputed facts with a notice to plead. Defendants' failure to respond to the allegations in that statement therefore does not constitute an admission of those allegations. *Cooper v. Church of St. Benedict*, 954 A.2d 1216, 1221 (Pa. Super. 2008); *McCormick v. Allegheny General Hospital*, 527 A.2d 1028, 1032 (Pa. Super. 1987).[8]

Plaintiff also failed to demonstrate in his second summary judgment motion that all of the elements of his claims against Defendants were undisputed. Plaintiff's motion was based in large part on his own affidavit and

---

[8] Indeed, the only authority that Plaintiff cites for his contention that Defendants were required to respond to the statement of undisputed facts, 25 Pa. Code 1021.94a(g)(2), is a rule governing Environmental Hearing Board proceedings and has no applicability to this case.

statement, oral testimony of Debtor, and a written statement filed by Debtor. Summary judgment cannot be granted in favor of a party who bears the burden of proof based the movant's own affidavit and statements and oral testimony and statements of witnesses other than the opposing parties. *Woodford*, 243 A.3d at 69-71; *Penn Center House, Inc. v. Hoffman*, 553 A.2d 900, 903-04 (Pa. 1989). The admissions of defendant Allan Rosenblum that Plaintiff submitted in support of his summary judgment motion established only that Allan Rosenblum was a 50% owner of the corporation that owns the Levittown gym and that the corporation was formed in 2009. Allan Rosenblum Answers to Plaintiff's Interrogatories. The admissions of defendant Zarro that Plaintiff submitted in support of his summary judgment motion established that Zarro owned a boxing studio and boxing equipment at the Torresdale gym address and that she paid nothing for the equipment, but did not include any admission that Debtor transferred the business or equipment to her. Zarro Answers to Plaintiff's Interrogatories. The trial court therefore properly denied Plaintiff's second motion for summary judgment.

For the foregoing reasons, we conclude that the trial court properly granted defendant Allan Rosenblum's motion for compulsory nonsuit, but that it erred in granting a compulsory nonsuit in favor of defendant Zarro. Accordingly, we affirm the judgment in favor of defendant Allan Rosenblum, vacate the judgment in favor of defendant Zarro, and remand this case for a new trial of Plaintiff's claim against defendant Zarro.

Judgment affirmed in part and vacated in part. Case remanded for a new trial limited to Plaintiff's claim against defendant Zarro. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/25/21