J-S15035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| QUENTIN JONES AND DENEEN JONES INDIVIDUALLY AND AS PERSONAL REPRESENTATIVES FOR THE ESTATE OF IRENE ABBEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | No. 1045 WDA 2020 |
| DARLENE COBBS AND PITTSBURGH CARE PARTNERSHIP, INC. | |

Appeal from the Order Entered September 3, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD--18-007848

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JUNE 11, 2021**

Quentin Jones and Deneen Jones (Plaintiffs), individually and as personal representatives for the Estate of Irene Abbey (Decedent), appeal from an order of the Court of Common Pleas of Allegheny County (trial court) granting summary judgment in favor of the defendants Darlene Cobbs and Pittsburgh Care Partnership, Inc. (collectively, Defendants) in a motor vehicle negligence action.  For the reasons set forth below, we reverse.

This case arises out of an accident that occurred on April 14, 2017, in the City of Duquesne, when Ms. Cobbs lost control of a shuttle van that she

_____

[*] Retired Senior Judge assigned to the Superior Court.

was driving for her employer, Pittsburgh Care Partnership, Inc., and crashed it into at least one parked car and a building. At the time, Ms. Cobbs was transporting senior citizens from a Pittsburgh Care Partnership, Inc. day facility to their residences. Two senior citizens, Decedent and Nathaniel White, were riding in the van when the accident occurred, and they and Ms. Cobbs were injured and hospitalized as a result of the accident. Decedent passed away subsequent to the accident.

On June 19, 2018, Plaintiffs commenced this survival and wrongful death action against Defendants, seeking damages for the injuries that Decedent suffered in the accident and for her death, which Plaintiffs alleged was caused by those injuries. In their answer, Defendants admitted that the accident occurred and Decedent was a passenger in the van at the time, but alleged that that Ms. Cobbs suffered a sudden medical event that caused the collision and asserted the defense of sudden medical emergency. Defendants' Answer and New Matter ¶¶6-7, 64. During discovery, Plaintiffs took the depositions of the only living witnesses who were in the van at the time of the accident, Mr. White[1] and Ms. Cobbs.

Mr. White testified that for several minutes before the accident, Ms. Cobbs was mumbling, repeating herself, and shaking and bobbing her head

_____

[1] Mr. White also filed a personal injury action against Defendants that was consolidated with this action. Mr. White's action was settled in April 2020 and he is not a party to this appeal.

while she was driving. White Dep. at 26-34, 37, 52-54, 66-68. Mr. White testified that he asked Ms. Cobbs if she was all right and that after she did not respond, he asked her to pull the van over. *Id.* at 34, 55. He testified that Ms. Cobbs then pulled the van over and stopped and he unbuckled his seat belt and got up to check on her, but that when he got up, the van started up again and crashed into the car that was in front of it. *Id.* at 34-38, 54-55.

Ms. Cobbs testified that she was told by the doctors treating her after the accident that she had had a seizure and that she had no memory of the accident or of anything that happened in the week before the accident. Cobbs Dep. at 29, 34-35, 54-57, 87-89, 94, 107-10, 112-15, 119-22. Ms. Cobbs admitted, however, that she had hypertension and diabetes for years before the accident, that she knew that those conditions, if not properly monitored and controlled, could cause a seizure or stroke and affected her ability to safely drive, and that she had a mini-stroke in 2005 when her blood pressure was elevated. *Id.* at 59-67, 70-84, 88-89, 93.[2]

On July 20, 2020, Defendants moved for summary judgment on the ground that Ms. Cobbs suffered a seizure at the time of the accident and that the sudden medical emergency defense therefore barred liability. Plaintiffs,

---

[2] Ms. Cobbs' medical records were produced in discovery and are referenced in her deposition, but it appears that neither party submitted any medical records or medical evidence to the trial court in connection with the summary judgment motion and no medical records or medical opinions appear in the trial court record.

in response, did not dispute that Ms. Cobbs suffered a medical event at the time of the accident, but argued that there were material issues of facts as to the suddenness and foreseeability of the medical event that precluded summary judgment based on the deposition testimony of Mr. White and Ms. Cobbs. By order entered September 3, 2020, the trial court granted Defendants' motion and entered judgment in Defendants' favor on the ground that liability was barred by the sudden medical emergency defense, concluding that there was no evidence from which a jury could find that Ms. Cobbs knew or should have known that she was suffering a seizure prior to the accident. Trial Court Order, 9/3/20; Trial Court Opinion at 7-8.

Plaintiffs timely appealed. In this appeal, Plaintiffs argue that the trial court erred in granting summary judgment both because the sudden medical emergency defense is an affirmative defense on which Defendants bore the burden of proving the suddenness and unforeseeability of the seizure and because there was evidence from which a jury could find that the seizure was not sudden and unforeseen. We agree that both of these grounds bar summary judgment here.

Our standard of review of the trial court's grant of summary judgment is *de novo* and the scope of review is plenary. ***American Southern Insurance Co. v. Halbert***, 203 A.3d 223, 226 (Pa. Super. 2019). Summary judgment may be granted only where there is no genuine issue of any material fact as to a necessary element of the cause of action or defense or where,

after the completion of relevant discovery, the party who will bear the burden of proof at trial has failed to produce evidence of facts sufficient to prove all elements of the cause of action or defense. Pa.R.C.P. 1035.2; **US Coal Corp. v. Dinning**, 222 A.3d 431, 437-38 (Pa. Super. 2019); **Renna v. PPL Electric Utilities, Inc.**, 207 A.3d 355, 367-68 (Pa. Super. 2019). In considering whether there is a genuine issue of material fact or sufficient evidence of the elements of a cause of action or defense, we must view the record in the light most favorable to the non-moving party, and must resolve all doubts against the moving party. **US Coal Corp.**, 222 A.3d at 437; **Renna**, 207 A.3d at 367; **Shiner v. Ralston**, 64 A.3d 1, 4 (Pa. Super. 2013). Summary judgment cannot be granted in favor of a party who bears the burden of proof based on its own oral testimony or the testimony of witnesses other than the opposing party and its experts, even if that testimony is uncontradicted, because the credibility of such testimony is for the jury. **Xtreme Caged Combat v. Zarro**, 247 A.3d 42, 51 (Pa. Super. 2021); **Shiner**, 64 A.3d at 6.

The sole basis on which Defendants sought summary judgment and on which the trial court granted summary judgment was the sudden medical emergency defense. Pennsylvania law recognizes the sudden medical emergency defense, which negates negligence and precludes liability where a motor vehicle accident is caused by the defendant's sudden and unforeseeable incapacitation or loss of consciousness. **Shiner**, 64 A.3d at 4-5. The sudden medical emergency defense, however, is an affirmative defense as to which

the defendant has the burden of proving both that the accident was caused by incapacitation or unconsciousness and that the incapacitation or unconsciousness was sudden and unforeseen. *Id.* at 4-7.

It was therefore Defendants' burden to prove not only that the accident was caused by Ms. Cobbs having a seizure, but also that it was undisputed that she had no prior symptoms while driving or reason to know that she could experience a sudden seizure or loss of ability to control the van that she was driving. There was no admission by Plaintiffs that Ms. Cobbs' seizure came on so suddenly that she could not safely park the van and no admission that Ms. Cobbs was unaware that she had a medical condition that put her at risk of a having a seizure. Because Defendants, not Plaintiffs, bear the burden of proof on this issue and a jury would be free to disbelieve Defendants' assertions, summary judgment could not be granted in Defendants' favor on the sudden medical emergency defense, even if there were no evidence in the summary judgment record refuting Defendants' contention that the seizure was sudden and unforeseen. *Shiner*, 64 A.3d at 5-7.

Moreover, there was evidence submitted by Plaintiffs in response to the summary judgment motion from which a jury could find that Ms. Cobbs had notice that she was impaired with sufficient time to safely pull the van over and put it in park before she lost control. Mr. White testified that Ms. Cobbs was acting strangely, mumbling, repeating herself, and shaking and bobbing her head, for two to four minutes while she was driving and still capable of

competently operating and parking the van. White Dep. at 26-38, 52-57, 66-68. Indeed, there was no evidence that the seizure came on without any warning. Ms. Cobbs testified that she could not remember the accident or anything leading up to it in the day or even the week before. Cobbs Dep. at 29, 34-35, 88-89, 94, 107-10, 112-15, 119-22. In addition, Ms. Cobbs admitted that she knew long before the day of the accident that she had medical conditions that could cause a seizure or stroke. *Id.* at 59-67, 70-84, 88-89, 93.

Because it was Defendants' burden to prove that Ms. Cobbs' seizure that caused the accident was sudden and unforeseen and the evidence in the summary judgment record would not require a jury to find that her seizure was sudden and unforeseen, there were genuine disputes of material fact that precluded summary judgment. *Shiner*, 64 A.3d at 5-7. We therefore conclude that the trial court erred in granting summary judgment in favor of Defendants and reverse.

Order reversed. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/11/2021