J-A23032-22

2023 PA Super 99

| | | |
|---|---|---|
| TURNPAUGH CHIROPRACTIC HEALTH AND WELLNESS CENTER, P.C.(ZIMMERMAN) | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| ERIE INSURANCE EXCHANGE | : : | No. 1448 MDA 2021 |
| Appellant | : | |

Appeal from the Judgment Entered November 10, 2021
In the Court of Common Pleas of Dauphin County Civil Division at No(s):
2019-CV-06937-CV

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY BOWES, J.:          **FILED JUNE 08, 2023**

I wholly agree with the learned Majority's holding.  I write separately merely to highlight that there exists a conflict within this Court's jurisprudence as to whether a party may appeal the denial of a motion for summary judgment after a trial has been held.  ***Compare Whitaker v. Frankford Hospital of City of Philadelphia***, 984 A.2d 512, 517 (Pa.Super. 2009) (noting that once the case proceeded to trial and the defendants presented a defense, the denial of their motion for summary judgment became moot and, upon entry of a verdict in plaintiff's favor, "the issue became whether the trial court erred in failing to grant them [JNOV]"), ***Xtreme Caged Combat v. Zarro***, 247 A.3d 42, 50 (Pa.Super. 2021) (applying ***Whitaker*** in concluding that "the denial of [plaintiff's] summary judgment motion is not appealable as

_____

[*] Former Justice specially assigned to the Superior Court.

an issue separate from the grant of the nonsuit at trial"), **and Yoder v. McCarthy Constr., Inc.**, 291 A.3d 1, 14 n.15 (Pa.Super. 2023) (agreeing with defendant's argument that "where summary judgment is denied and the same claim then proceeds to trial, post-trial and appellate review must focus on whether [JNOV] is required, not on whether summary judgment or nonsuit were improperly denied[,]" and, consequently, "the subsequent trial record supplants the pre-trial record" (cleaned up)), **with Windows v. Erie Insurance**, 161 A.3d 953 (Pa.Super. 2017) (reaching merits of trial court's denial of summary judgment motion on appeal following trial without explanation as to why the denial was reviewable), **Krepps v. Snyder**, 112 A.3d 1246, 1257-60 (Pa.Super. 2015) (same), **and Brownlee v. Home Depot U.S.A., Inc.**, 241 A.3d 455 (Pa.Super. 2020) (non-precedential decision at 6, 7 n.5) (holding that the denial of a motion for summary judgment is not moot following trial and noting further "that a litigant should be permitted to challenge, on appeal, a trial court's denial of a pretrial motion for summary judgment even after the parties have proceed to trial and a verdict.  If not, a trial court's unchecked denial of pretrial relief may result in delayed justice or a waste of judicial resources").  I note that the Majority's position that issues raised in a motion for summary judgment must be revived in a motion for JNOV following trial to be viable for review on appeal, with which I agree, aligns with **Whitaker**, **Xtreme**, and **Yoder**.

We strive for consistency in the law so that similarly situated litigants are treated the same.  When the law strikes discordant notes, it is time for

this Court to consider the issue and resolve the conflicts. Only then will the sweet music of the law be in harmony for all.

Judge McCaffery and P.J.E. Stevens join this Concurring Statement.