J-S25031-22

2022 PA Super 161

| L.L.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| T.R.B. | : | |
| | : | |
| Appellant | : | No. 81 WDA 2022 |

Appeal from the Order Entered December 15, 2021
In the Court of Common Pleas of Butler County
Civil Division at No(s): 14-90388-C

BEFORE: BENDER, P.J.E., DUBOW, J., and KING, J.

OPINION BY KING, J.: **FILED: SEPTEMBER 21, 2022**

Appellant, T.R.B. ("Father"), appeals from the order entered in the Butler County Court of Common Pleas, which granted the petition for special relief filed by Appellee, L.L.B. ("Mother"), seeking permission to have the parties' minor daughter, S.B. ("Child") (born in May 2008), receive the COVID-19 vaccine. We affirm.

The relevant facts and procedural history of this case are as follows. Pursuant to a September 8, 2016 order, Mother has primary physical custody of Child, subject to Father's periods of partial physical custody. The parties share legal custody of Child. On August 26, 2021, Mother filed a petition for special relief requesting permission for Child to receive the COVID-19 vaccine. Mother filed an amended petition for special relief on November 4, 2021, seeking the same relief. In her amended petition, Mother alleged that Child's pediatrician and school strongly recommended that Child receive the COVID-

19 vaccine. Mother also averred that Child wants to receive the COVID-19 vaccine so she can participate in certain activities without interruption or quarantine due to an unvaccinated status. Mother further asserted that since the date of her original petition, the Butler Area School District had notified all parents that if a child is determined to be in close contact with another student exposed to COVID-19 and if that child is vaccinated, the child will not be required to quarantine; whereas unvaccinated children who have a close contact exposure will be required to quarantine and restricted from in-person learning.

Mother maintained that Child missed in-person learning and various extracurricular activities as a result of having a close contact with someone exposed to COVID-19. Mother claimed Child suffers from anxiety regarding an exposure to COVID-19 without being vaccinated. Mother stressed that Child has no medical or religious exemptions to receiving the vaccine and is up to date on all other vaccinations for her age group.

The court scheduled a hearing on Mother's petition. Thereafter, Father filed a motion *in limine* seeking to prevent Mother's proffered expert, Dr. Michael E. Fiorina, from testifying at the hearing. Father alleged that Dr. Fiorina's report, titled "COVID-19 Talking Points," failed to express any opinion within a reasonable degree of medical or scientific certainty as to whether Child receiving the COVID-19 vaccine is medically necessary or even recommended. Rather, Father claimed Dr. Fiorina's report provided only

general recommendations by the Center for Disease Control and Prevention ("CDC") and the American Academy of Pediatrics ("AAP"). Father emphasized that Dr. Fiorina had not examined Child, and his report did not state any specific opinion or recommendation concerning Child. As a result, Father argued Dr. Fiorina's opinion would not help the trier of fact decide whether Child should be vaccinated.

On November 18, 2021, the court granted Father's motion *in limine*. Dr. Fiorina submitted a second expert report on November 22, 2021, elaborating on his original report, and specifically addressing Child's medical history. In his second report, Dr. Fiorina opined that having Child receive the COVID-19 vaccine would serve her best interests. Father did not object to this report.

On December 10, 2021, the court held a hearing. The trial court summarized the testimony from the hearing as follows:

> Mother called Dr. Michael Fiorina, who currently serves as the Vice-President of Medical Education for Butler Health System. In that position, he directs Butler Health System's local response to COVID-19. Without objection, the court recognized Dr. Fiorina as a medical expert with an emphasis in COVID-19 education and response.
>
> Dr. Fiorina reviewed the pediatric medical records of the minor Child. Specifically, Dr. Fiorina considered the records from her wellness visits on July 2, 2019, July 8, 2020, and the minor Child's vaccine records as of November 11, 2021. Dr. Fiorina also relied on a document written by Child's pediatrician, Dr. Mortimer, which concluded that Child has no underlying medical conditions. Dr. Fiorina did not conduct a medical examination of the minor Child. The minor Child has had all other vaccines except [Human Papilloma Virus].

In addition to the specific medical records of Child, Dr. Fiorina considered the recommendation of the [AAP] that children age 5 and over have a COVID-19 vaccination unless contra-indicated regardless of whether the child had a prior infection of COVID-19. Child is in good health without contra-indications for receiving the vaccine. There was no record evidence that [C]hild was previously infected with COVID-19. The only vaccine available at the time of the testimony and report for children age 13 was the Pfizer vaccine. Dr. Fiorina went on to testify that the most common side effects from the vaccine are sore arm, fever and malaise. A rare side effect prevalent mostly in males is myocarditis, but that report reflects this side effect primarily in the Johnson and Johnson vaccine and vaccines not used in the United States. Dr. Fiorina testified that if Child is infected with COVID-19, most likely she would be ill for approximately one week and that her chance of death is 1 in 10,000 people with a 99.99 percent chance of full recovery. Ultimately, Dr. Fiorina opined to a reasonable degree of medical and scientific certainty that it is in Child's best interest to receive the COVID-19 vaccine and booster(s).

On cross-examination, Father attempted to impeach Dr. Fiorina due to his testimony that the vaccination of Child would reduce the risk of passing COVID-19 virus to others, and that Dr. Fiorina's fear of passing the virus to others was a component of his recommendation. However, Dr. Fiorina testified that when considering the data specific to Child and without regard to the propagation of COVID-19, he still opined within a reasonable degree of medical and scientific certainty that Child should receive the COVID-19 vaccine.

Dr. James D. Mortimer, Child's pediatrician[,] testified that Child is in good health.

Mother testified that she first discussed with Father the question of Child receiving the COVID-19 vaccine in July, 2021. Father did not consent. Father did request that [C]hild have an antibody test. Mother failed to respond to his request. Mother knew Father's concern about Child receiving the vaccine was due to the emergency use approval.

> Child is enrolled in the Butler School District. Mother testified that due to the District's COVID-19 policy, Child had to quarantine for two weeks in the 2021-2022 academic year despite a negative COVID-19 test. Mother also admitted that she kept Child home from school the week prior to the instant hearing due to Mother's concern for COVID-19. However, Child again tested negative and the school did not require Child to be quarantined.
>
> Father testified that he is concerned about the safety of the COVID-19 vaccine due to its emergency use approval. He is concerned about long-term side effects for Child. …
>
> * * *
>
> Father testified that he wanted an antibody test for Child with the rationale that if she had the antibodies she would not need the vaccine.

(Trial Court Opinion, filed 4/13/22, at 2-5) (internal citations and footnote omitted). Following the hearing, the court took the matter under advisement.

On December 15, 2021, the court granted Mother's requested relief. The next day, Father filed an application for stay pending appeal, which the trial court granted. Father timely filed a notice of appeal on January 13, 2022, along with a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(a)(2)(i).

Father raises the following issues for our review:

> Whether the trial court abused its discretion and committed an error of law when it issued the order of court granting Mother's petition for special relief following a hearing without making findings of fact and concluding that the decision was in the best interest of the child?
>
> Whether the trial court abused its discretion and committed an error of law in relying on the expert opinion of Dr. Michael Fiorina, D.O. in making its decision to grant Mother's

petition for special relief when he had not examined the child and his opinion focused on the community at large?

(Father's Brief at 5).

Our standard and scope of review in custody cases are as follows:

> We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

**S.W.D. v. S.A.R.**, 96 A.3d 396, 400 (Pa.Super. 2014).

In his first issue, Father argues that the court's December 15, 2021 order granting Mother relief did not include any findings of fact or reasoning for the court's order. Father acknowledges that the trial court's Rule 1925(a) opinion contained findings of fact and addressed the issues stated in Father's Rule 1925(a)(2)(i) statement. Father claims the court was required to consider Child's best interests when making its determination. Father concludes the court abused its discretion by failing to issue findings of fact as to Child's best interests at the time the court issued its order granting Mother relief. We disagree.

Pennsylvania Rule of Civil Procedure 1915.13 governs petitions for special relief and provides as follows:

> At any time after commencement of the action, the court

> may on application or its own motion grant appropriate interim or special relief. The relief may include, but is not limited to, the award of temporary legal or physical custody; the issuance of appropriate process directing that a child or a party or person having physical custody of a child be brought before the court; and a direction that a person post security to appear with the child when directed by the court or to comply with any order of the court.

Pa.R.C.P. 1915.13.

When "ordering any form of custody," the trial court must consider 16 statutory factors in assessing the child's best interest. 23 Pa.C.S.A. § 5328(a). In **S.W.D.**, this Court clarified when a court is obligated to address the best interest factors under Section 5328(a). This Court clarified that a court is required to consider the Section 5328(a) factors when ordering any of the seven forms of custody provided for in the Child Custody Act. **S.W.D., supra** at 402. **See also** 23 Pa.C.S.A. § 5323(a) (describing various forms of custody). By contrast, where the court is ruling on a discrete and ancillary issue, it is not required to address the 16 custody factors. **Id.** This Court explained:

> Many custody-related issues raised in motions [raise] a single discrete and narrow issue ancillary to the award of custody. It would be burdensome for a trial court to have to consider all sixteen factors explicitly on the record every time a litigant argues a motion seeking, for example, to change the custody exchange location or to decide whether a child plays sports in one parent's municipality or the other's. Without a doubt, a trial court must consider a child's best interest in ruling upon such motions. **But our statutes require neither a consideration of all sixteen factors nor delineation of the court's rationale on the record unless the ruling awards custody or modifies an award of custody.**

*Id.* (emphasis in original) (quoting ***M.O. v. J.T.R.***, 85 A.3d 1058, 1063 n.4

(Pa.Super. 2014)). This Court continued:

> We have long recognized that, when parties share legal custody of a child, they may reach an impasse in making decisions for the child that implicate custody. When that happens, the parties turn to the trial court to decide their impasse. … This type of court intervention does not affect the form of custody and hence, the [Section] 5328(a) best interest factors do not all have to be considered.

***S.W.D., supra*** at 404. "Even where a trial court need not consider and

address the § 5328(a) factors, it still must consider the child's best interest in

custody matters." *Id.* at 403.

Instantly, in response to Father's first issue on appeal, the court stated:

> In forming the decision, the trial court reviewed and considered all credible facts of record. The rule [1915.13] does not require a finding of facts be placed on the record concurrent with the decision. Father has failed to state any statute, rule or case law authority to support his complaint. Therefore, the trial court neither abused its discretion nor committed error.

(Trial Court Opinion at 5-6) (internal footnote omitted). We agree with the

court's analysis. Nothing in Rule 1915.13 requires the court to issue findings

of fact along with its decision on a petition for special relief. *See* Pa.R.C.P.

1915.13. Moreover, the court issued "findings of fact" in its Rule 1925(a)

opinion. As Mother points out in her brief, Father fails to explain what relief

this Court could grant Father to remedy the court's lack of concurrent findings

of fact, where the court delineated those findings in its Rule 1925(a) opinion.

To the extent Father suggests the court was required to evaluate the 16 custody factors when making its decision, he is mistaken. Here, the court was resolving an impasse between the parties, who share legal custody of Child. As the court was not awarding or modifying custody, it was not required to consider the 16 statutory factors. **See S.W.D., supra**.

Rather, the court was only required to evaluate Child's best interests in rendering its decision. **See id.** Although Father claims the court failed to articulate Child's best interests in its December 15, 2021 order, Father ignores the court's remarks at the conclusion of the hearing. At that time, the court stated: "**It is my responsibility to first make a decision that is in the best interest of your child**; and secondly, it is my responsibility to base that decision solely on the facts that are presented at this hearing today." (N.T. Hearing, 12/10/21, at 98) (emphasis added). The court's on-the-record statement, coupled with the court's detailed Rule 1925(a) opinion, belie Father's contention that the court did not consider Child's best interests when rendering its decision. Therefore, Father's first issue on appeal merits no relief.

In his second issue, Father initially concedes that he did not object to the court deeming Dr. Fiorina an expert at the hearing. Father argues, however, that the court gave improper weight to Dr. Fiorina's testimony. Father emphasizes that Dr. Fiorina had only examined Child's medical records for two years. Father highlights that Child is adopted, and Dr. Fiorina had no

information about the medical history of Child's biological parents. Father contends Child's medical history is incomplete in the absence of information concerning Child's biological parents. Father asserts that the recommendations of the CDC and AAP, on which Dr. Fiorina relied, are not specific to individuals and only general recommendations. Father contends that Dr. Fiorina is focused on the community at large and not Child specifically. Father maintains that Dr. Fiorina authored his initial expert report before reviewing any of Child's medical records, which is why the court had granted Father's motion *in limine*. Father suggests Dr. Fiorina performed only a cursory review of Child's medical records after the court granted Father's motion *in limine*.[1] Father concludes the court abused its discretion in relying on Dr. Fiorina's testimony to render its decision, and this Court must reverse the order granting Mother relief. We disagree.

Our standard of review for evidentiary rulings is narrow: "The admissibility of expert testimony is soundly committed to the discretion of the trial court, and the trial court's decision will not be overruled absent 'a clear abuse of discretion.'" *Hatwood v. Hospital of the University of Pennsylvania*, 55 A.3d 1229, 1239 (Pa.Super. 2012), *appeal denied*, 619 Pa.

---

[1] Father also claims the court's reliance on Dr. Fiorina's testimony contradicts the court's earlier order granting Father's motion *in limine*. The record belies this claim. The court's order granting Father's motion *in limine* was specific to Dr. Fiorina's **original** report. Father ignores the fact that Dr. Fiorina subsequently submitted a more detailed report following the court's ruling, to which Father posed no objection.

723, 65 A.3d 414 (2013) (quoting ***Helpin v. Trustees of Univ. of Pennsylvania***, 969 A.2d 601, 617 (Pa.Super. 2009), *aff'd*, 608 Pa. 45, 10 A.3d 267 (2010)). "[W]hile a trial court is not required to accept the conclusions of an expert witness in a child custody case, it must consider them, and if the trial court chooses not to follow the expert's recommendations, its independent decision must be supported by competent evidence of record." ***M.A.T. v. G.S.T.***, 989 A.2d 11, 20 (Pa.Super. 2010).

Instantly, in response to Father's second issue on appeal, the trial court reasoned:

> Counsel for Father neither inquired of Dr. Fiorina nor presented credible record evidence that Dr. Fiorina failed to follow the requisite standard [for expert testimony] in reaching his opinion. There is no record evidence to support Father's assertion that Dr. Fiorina required more than two years of Child's medical records, be the Child's treating physician or personally examine Child in order to reach an opinion to a reasonable degree of professional certainty. Pennsylvania Rule of Evidence 703 states that an "expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."
>
> Lastly, the totality of the evidence demonstrates without dispute that Child has no known underlying health issue that would cause Child not to be an appropriate candidate for the vaccine. Dr. Mortimer, the Child's pediatrician, testified there are no medical concerns. Neither Mother nor Father testified of any medical issues, but rather that Child is healthy. Father provides supplements to Child to boost her immunity. Father clearly is not concerned about any medical history or current health issues as he has not been pro-active in Child having a current annual wellness check with the pediatrician.
>
> A trial court is under no obligation to follow expert testimony. However, it is an abuse of discretion to "dismiss

- 11 -

as unpersuasive, and to totally discount uncontradicted expert testimony." ***Murphey v. Hatala***, 504 A.2d 917, 922 [(Pa.Super. 1986), *appeal denied*, 516 Pa. 634, 533 A.2d 93 (1987)].

The undisputed facts of evidence support the trial court's finding that Child is in good health with no known medical conditions that would make the COVID-19 vaccination and boosters contra-indicated. Therefore, the trial court did not abuse its discretion.

\* \* \*

In referencing the [AAP] and other agencies who recommend age-based vaccination for COVID-19, Dr. Fiorina agreed that "the recommendations are made for the whole of the general public." (N.T. P. 32 L. 4-8). However, he also noted in his report and testimony that, "when the decision to vaccinate is made, it needs to be made with the specific individual or case in mind." (N.T. P. 31 L. 21-P. 32 L.3).

Again, the undisputed credible record evidence supports the Child receiving a COVID-19 vaccination and booster(s). …

\* \* \*

… Here, the competent record evidence supports the opinion of Dr. Fiorina. The trial court did not abuse its discretion.

\* \* \*

The trial court acknowledges Dr. Fiorina is well educated on and passionate about community-wellness as it relates to COVID-19. Father argues that simply because Dr. Fiorina would recommend the vaccination to the community at large, his opinion as to Child is invalid. However, the record lacks any contradictory testimony or evidence for the court's consideration. The totality of the testimony and evidence does not support Father's rationale.

(Trial Court Opinion at 8-10). We agree with the court's analysis.

Dr. Fiorina testified at the hearing that even if propagating disease in the community was not a factor, Dr. Fiorina would still recommend the COVID-19 vaccination for Child. (**See** N.T. Hearing at 40). On this record, we see no reason to disrupt the consideration of and reliance on Dr. Fiorina's testimony, particularly where Father presented no evidence to contradict such testimony. **See M.A.T., supra**; **Murphey, supra**. **See also S.W.D., supra**. Therefore, Father's second issue on appeal merits no relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2022