J-S01033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FREDERICK WALTER, II | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CASSANDRA R. WHITMORE A/K/A | : | No. 973 WDA 2022 |
| CASSANDRA R. STOLTENBERG | : | |

Appeal from the Order Dated July 27, 2022
In the Court of Common Pleas of Venango County Civil Division at No(s):
No. 1362-2011

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: FEBRUARY 3, 2023**

Frederick Walter, II ("Father")[1] appeals, *pro se*, from the order denying

his motion for a hearing ("Motion for Hearing") pursuant to Sections 5329 and

5329.1 of the Child Custody Law, 23 Pa.C.S. §§ 5329, 5329.1, to assess

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Pursuant to Rule of Appellate Procedure 904(b)(1), we use the parties' names in the caption "as they appeared on the record of the trial court at the time the appeal was taken." Pa.R.A.P. 904(b)(1). "In an appeal of a custody action where the trial court has used the full name of the parties in the caption, upon application of a party and for cause shown, an appellate court may exercise its discretion to use the initials of the parties in the caption based upon the sensitive nature of the facts included in the case record and the best interest of the child." Pa.R.A.P. 904(b)(2); **see also** Pa.R.A.P. 907(a), Note. Neither party has applied to this Court for the use of initials in the caption. We will, however, refer to the minor involved in this custody dispute by her initials or as "Child" so as to protect her identity.

whether he or Cassandra R. Whitmore ("Mother")[2] posed a threat of harm to their daughter, C.Y.W., born in 2008 ("Child"). Father also challenges two other orders in this appeal, the first of which denied his motion for recusal and the second of which denied his motion to vacate the appointment of counsel for Mother. For the reasons set forth below, we affirm.

On November 2, 2011, Father filed a complaint seeking custody of Child. On December 14, 2011, a custody order was filed granting Father shared legal and physical custody of Child. On April 19, 2018, Father filed a petition for modification of the custody order alleging that Mother had not allowed him to have contact with Child since 2013. After a custody conciliation conference, the trial court filed orders adopting the conciliator's report and recommendations, scheduling a hearing to be held pursuant to Section 5329,[3] and appointing legal counsel for Child.

---

[2] Mother was formerly known as Cassandra R. Stoltenberg.

[3] As relevant in this matter, Section 5329 provides as follows:

**(a) Offenses.--**Where a party seeks any form of custody, the court shall consider whether that party or member of that party's household has been convicted of or has pleaded guilty or no contest to any of the offenses in this section or an offense in another jurisdiction substantially equivalent to any of the offenses in this section. The court shall consider such conduct and determine that the party does not pose a threat of harm to the child before making any order of custody to that party when considering the following offenses:

* * *

18 Pa.C.S. § 3125 (relating to aggravated indecent assault).

*(Footnote Continued Next Page)*

A hearing was held on August 1, 2018, at which Father, Mother, and Child's advocate appeared. At the hearing, Father stated that he is currently incarcerated in a state correctional institution relating to his 2016 convictions for aggravated indecent assault relating to two victims. N.T., 8/1/18, at 6-8.[4] He identified one of the victims as the daughter of his ex-girlfriend and the other victim as a "stranger." *Id.* at 6. Father received an aggregate sentence of 14-to-30 years' imprisonment. *Id.* at 2, 8. He also was declared a sexually violent predator, and he is subject to lifetime registration under the Sexual Offender Registration and Notification Act.[5] *Id.* at 6-7. Father stated that he was listed to participate in sex offender treatment, but that the service is not usually offered until the prisoner is much closer to their release date. *Id.* at 7-8. Additionally, testimony was presented that Father was convicted of driving under the influence ("DUI") and possession of a controlled substance in 2009. *Id.* at 2. Mother also addressed an investigation of her and her husband for endangering the welfare of a child by the Venango County District

---

*    *    *

75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs).

*    *    *

23 Pa.C.S. § 5329(a).

[4] We note that, while the copy of the referenced transcript states that it was for a hearing held on July 8, 2021, it is apparent from our review of the record and the corresponding August 9, 2018 order that this transcript in fact captures the testimony of the August 1, 2018 hearing.

[5] 42 Pa.C.S. §§ 9799.10–9799.75.

Attorney, which Mother stated did not result in charges being filed pursuant to an agreement that Child maintain an open case with the Venango County Children, Youth, and Family Services ("CYFS") for a period of 6 months. *Id.* at 8-9.

On August 9, 2018, the trial court issued an order dismissing Father's petition to modify; the court found that Father poses a threat of harm to Child and no form of custody over Child should be awarded to Father pursuant to Section 5329. Order, 8/9/18, at 2. In addition, the court determined that Mother does not pose a threat of harm to Child and ordered that she be permitted to maintain custody pursuant to the previously operative custody order. *Id.* at 2-3.

On August 20, 2021, Father filed a petition for modification of the August 9, 2018 custody order, asserting that he did not receive service of the 2018 custody order, there was no evidence that he posed a threat of harm to Child, and that Mother had abused Child since the prior order was issued. After a conciliation conference at which both parents participated and upon the recommendation of the conciliator to deny Father's request for modification of custody, the trial court entered an order on January 21, 2022 denying the August 20, 2021 petition.

On January 28, 2022, Father filed the Motion for Hearing, in which he requested a hearing under Section 5329 to determine whether he continued to pose a threat of harm to Child; Father asserted that the trial court's August 9, 2018 order was not supported by any evidence of his danger to Child, and

he did not have an opportunity to appeal that order because he was not served with it. In addition, Father claimed that a Section 5329 hearing should be held as to Mother based upon a 2020 DUI conviction and that a Section 5329.1[6] hearing should be convened based upon the CYFS investigation of Mother.

_____

[6] This statute provides, in relevant part:

**(a) Information sharing.--**In accordance with section 6340(a)(5.1) (relating to release of information in confidential reports), where a party seeks any form of custody, subject to the examination of the parties, the court shall determine:

(1) With respect to child abuse under Chapter 63 (relating to child protective services) or a child who is a victim of a crime under 18 Pa.C.S. (relating to crimes and offenses) which would constitute abuse under Chapter 63:

(i) Whether the child is the subject of an indicated or founded report of child abuse.

(ii) Whether a party or a member of the party's household has been identified as the perpetrator in an indicated or founded report of child abuse.

(iii) The date and circumstances of the child abuse.

(iv) The jurisdiction where the child abuse investigation took place.

(2) With respect to child protective services or general protective services under Chapter 63:

(i) Whether a party or a member of a party's household has been provided services.

(ii) The type of services provided.

(iii) The circumstances surrounding the provision of services.

*(Footnote Continued Next Page)*

On February 9, 2022, the Honorable Thomas K. Kistler, Senior Judge of the trial court, scheduled a hearing on the Motion for Hearing, which was ultimately rescheduled to August 3, 2022. On April 19, 2022, the Honorable Marie T. Veon, President Judge of the trial court, entered an order appointing private counsel to represent Mother in this matter. On July 25, 2022, Mother, through counsel, filed a motion to quash Father's Motion for Hearing. In the motion to quash, Mother argued that (1) Father was seeking to relitigate the August 9, 2018 Section 5329 finding against him, which was barred by *res judicata*; (2) Mother was not convicted of a DUI offense as she entered into an accelerated rehabilitative disposition ("ARD") program to resolve the charges; and (3) there was no basis to have a Section 5329.1 hearing at that time as there was no pending custody action.

On July 27, 2022, Judge Veon granted Mother's motion to quash, denied Father's Motion for Hearing, and cancelled the scheduled hearing. On August 1, 2022, Father filed objections to the motion to quash and two additional motions: a motion seeking President Judge Veon's recusal and a motion to vacate the order appointing counsel for Mother. On August 5, 2022, Judge Veon issued an order denying the motion for recusal and the motion to vacate

---

(iv) The status of services.

(v) The date the services were provided.

(vi) The jurisdiction where the services were provided.

23 Pa.C.S. § 5329.1(a).

the appointment of counsel for Mother and ruling that Father's objections to the motion to quash were moot as they were filed after the court's rulings on the Motion for Hearing. Father thereafter filed a timely notice of appeal from the July 27, 2022 order denying his Motion for Hearing.[7]

Father raises the following issues on appeal:

1. Did the trial court violate due process when it dismissed [Father's] Motion for a Hearing pursuant to 23 [Pa.C.S.] § 5329 and § 5329.1 and canc[e]lled the previously scheduled hearing?

2. Did the trial court err as a matter of law when it strictly applied the legal doctrine of res judicata to a child custody case, thereby rendering the custody order final?

3. Did the trial court err when it appointed [Mother] free legal representation, sua sponte, when [Mother] did not request counsel, did not apply for in forma pauperis status, does not qualify for in forma pauperis status, and has no right to counsel in a private civil custody matter?

4. Did President Judge Marie T. Veon err when she disregarded [Father's] motion to recuse as moot based on her improperly granting [Father's] motion to quash in violation of due process?

Father's Brief at 2 (suggested answers and unnecessary capitalization omitted).

This Court reviews trial court orders in custody matters under an abuse of discretion standard. *Graves v. Graves*, 265 A.3d 688, 693 (Pa. Super. 2021). We must accept the trial court's findings that are supported by competent evidence of record, as our appellate role does not include making

---

[7] Father filed his concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on September 16, 2022. The trial court filed its Pa.R.A.P. 1925(a) opinion on September 27, 2022.

independent factual determinations. *Id.* "We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court." *Id.* (citation omitted).

Father first argues that the trial court violated his due process rights by cancelling the already scheduled hearing concerning his Motion for Hearing and ruling on this motion without first reviewing Father's objections to Mother's motion to quash. Noting that custody orders are always subject to modification by the courts, Father argues that the question of custody has been raised in the present litigation, contrary to the trial court's reasoning in its Pa.R.A.P. 1925(a) opinion. Father contends that Section 5330 of the Child Custody Law, 23 Pa.C.S. § 5330, mandated that the trial court address the issue of Mother's recent ARD resolution of DUI charges under Section 5329, regardless of whether a conviction was obtained.[8] Father further asserts that the trial court violated due process by not holding a hearing to revisit its

---

[8] Section 5330 provides, in relevant part:

**(a) Expedited hearing.--**A party who has obtained information under 42 Pa.C.S. § 1904 (relating to availability of criminal charge information in child custody proceedings) or otherwise about a charge filed against the other party for an offense listed under section 5329(a) (relating to consideration of criminal conviction) may move for a temporary custody order or modification of an existing custody order. The court shall hold the hearing under this subsection in an expeditious manner.

**(b) Risk of harm.--**In evaluating any request under subsection (a), the court shall consider whether the party who is or has been charged with an offense set forth in section 5329(a) poses a risk of physical, emotional or psychological harm to the child.

23 Pa.C.S. § 5330(a), (b).

August 9, 2018 determination that he posed a threat of harm to Child as a result of his aggravated indecent assault convictions where that determination was not based upon evidence of record. Finally, Father argues that the court should have convened a hearing pursuant to Section 5329.1 as CYFS has only recently closed an investigation of potential abuse of Child by Mother.

"[P]rocedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *S.T. v. R.W.*, 192 A.3d 1155, 1161 (Pa. Super. 2018) (citation omitted). "Formal notice and an opportunity to be heard are fundamental components of due process when a person may be deprived in a legal proceeding of a liberty interest, such as physical freedom, or a parent's custody of her child." *J.M. v. K.W.*, 164 A.3d 1260, 1268 (Pa. Super. 2017) (*en banc*) (citation omitted); *see also S.T.*, 192 A.3d at 1161. "Due process is flexible and calls for such procedural protections as the situation demands." *S.T.*, 192 A.3d at 1161 (citation omitted).

In its opinion, the trial court stated that dismissal of the Motion for Hearing was appropriate because Father did not have grounds to request a hearing under the Child Custody Act. Trial Court Opinion, 9/27/22, at 3-4. The court first reasoned that a Section 5329 hearing was not necessary because Mother had resolved her DUI charges through participation in an ARD program, which does not result in a conviction. *Id.* at 3. Furthermore, the trial court noted that Section 5329.1 requires that the court address potential

- 9 -

child abuse by a party in cases "where a party seeks any form of custody" of a child. *Id.* (quoting 23 Pa.C.S. § 5329.1(a)). As there was "no current pending custody litigation" and Father was "not permitted any form of custody" as a result of the trial court's August 9, 2018 and January 21, 2022 rulings, the court opined that the denial of a Section 5329.1 hearing was proper. *Id.* at 4.

We agree with the trial court that no hearing was necessary before Father's Motion for Hearing was denied, albeit we do so on somewhat different grounds than those espoused by the lower court.[9] *In re A.J.R.-H.*, 188 A.3d

_____

[9] We note our concern with the trial court's reasoning in its Pa.R.A.P. 1925(a) opinion on two issues. First, we caution the trial court that the fact that Mother resolved her DUI charges through an ARD process does not mean that this issue is insulated from review in this custody matter. While the Child Custody Law is silent on the question of whether enrollment in an ARD program is equivalent to a conviction for purposes of Section 5329(a), this Court has recently observed that the ARD process is a structured, intensive process accompanied by numerous due process protections and ARD of DUI charges is effectively treated the same as a conviction for sentencing purposes. *See* *Commonwealth v. Moroz*, 284 A.3d 227, 230-32 (Pa. Super. 2022) (*en banc*). In addition, this Court has previously endorsed the view that a parent's acceptance into an ARD program may be considered by the trial court in connection with a custody dispute. *See DeNillo v. DeNillo*, 535 A.2d 200, 202 (Pa. Super. 1987) (holding that father's ARD resolution of indecent exposure charges was relevant to dispute over custody of child). Furthermore, as explained elsewhere in this decision, Section 5330 provides that a trial court may consider the fact that a party to a custody action was **charged** with a Section 5329(a) offenses in connection with a petition for modification of custody or a request for a temporary custody order. 23 Pa.C.S. § 5330(a).

Furthermore, to the extent the trial court's opinion may be read as stating that Father is prevented from ever obtaining any form of custody of Child based upon the court's August 9, 2018 and January 21, 2022 rulings denying Father's visitation requests, *see* Trial Court Opinion, 9/27/22, at 4 (stating
*(Footnote Continued Next Page)*

- 10 -

1157, 1175-76 (Pa. 2018) (appellate court may affirm the trial court on any basis that is supported by the record). We initially note that Father's Motion for Hearing is in large part an effort to relitigate his April 19, 2018 and August 20, 2021 petitions for modification, which the trial court fully resolved against him in its respective August 9, 2018 and January 21, 2022 orders. No appeal was taken from those two prior final orders. Notwithstanding the inherent authority of the trial court to amend custody rulings, this Court lacks the authority to address the earlier final orders in this appeal. **See Commonwealth v. Fill**, 202 A.3d 133, 138 (Pa. Super. 2019) (pursuant to Pa.R.A.P. 903(a), party waives appellate review of any final order where notice of appeal is not filed within 30 days of order's entry).[10]

_____

that, as a result of prior orders, Father "is not permitted any form of custody of [] Child"), we cannot endorse this view. Custody orders are always subject to modification when necessary to ensure the best interests of the child. **See K.D. v. E.D.**, 267 A.3d 1215, 1224 (Pa. Super. 2021) ("[A] custody order may be modified at any time, provided the modification is in the best interest of the child.") (emphasis omitted); **J.R.M. v. J.E.A.**, 33 A.3d 647, 649 n.1 (Pa. Super. 2011) ("[C]ustody orders are always subject to modification if new circumstances arise that affect the best interest of the child[.]"); **but see K.D.**, 267 A.3d at 1225-26 (noting that "collateral estoppel will, in fact, bar the re-litigation of" a previously adjudicated fact in a custody case but that any such prior finding will not preclude a trial court from then modifying custody "based upon contemporary evidence that demonstrate[s] that modification served the bests interests of the" child).

[10] Father asserts in his brief that he did not file appeals from the August 9, 2018 and January 21, 2022 orders because he was not promptly served with the August 9, 2018 order and he was hindered from conducting legal research in his correctional facility due to limitations on law library access during the COVID-19 pandemic. However, to the extent he sought to raise issues related to the August 9, 2018 and January 21, 2022 orders in this Court, his only

*(Footnote Continued Next Page)*

Furthermore, as the trial court explained in its opinion, Father was not entitled to any relief because no request for modification of custody was pending when the trial court ruled on the Motion for Hearing. In his motion, Father requested that the trial court (1) reassess its earlier determination under Section 5329 that he posed a threat of harm to Child; (2) assess whether Mother poses a threat of harm to Child under Section 5329 as a result of her ARD resolution of DUI charges; and (3) evaluate any danger to Child as a result of CYFS's investigation of Mother for potential child abuse pursuant to Section 5329.1. Motion for Hearing, 1/28/22, at 5.

Section 5329 provides that "[w]here any party seeks any **form of custody**, the court shall consider whether that party or member of that party's household has been convicted of or has pleaded guilty or no contest to" the listed offenses. 23 Pa.C.S. § 5329(a) (emphasis added). Section 5329.1 similarly provides that "where a party seeks any **form of custody**,

_____

recourse was to seek *nunc pro tunc* relief to permit an untimely appeal. ***See Green v. Trustee of University of Pennsylvania***, 265 A.3d 703, 709 (Pa. Super. 2021) (outlining requirements for litigant to obtain *nunc pro tunc* relief, including prompt filing of document after the date it was due).

Father also argues that his Motion for Hearing was in effect a request for reconsideration of the January 21, 2022 order and that Judge Kistler's February 9, 2022 order scheduling a hearing on the Motion for Hearing granted reconsideration of the January 21, 2022 order. We disagree. Father did not request reconsideration of the January 21, 2022 order in his Motion for Hearing, nor did Judge Kistler grant Father any relief that could be interpreted as involving reconsideration of that order. ***See*** Pa.R.A.P. 1701(b)(3)(ii) (trial court may grant reconsideration by filing "an order expressly granting reconsideration of such prior order" within the time prescribed for filing of notice of appeal).

subject to the examination of the parties, the court shall determine" the circumstances surrounding an indicated or founded report of child abuse or the provision of child protective services or general protective services related to a party's family. 23 Pa.C.S. § 5329.1(a) (emphasis added).

In *S.W.D. v. S.A.R.*, 96 A.3d 396 (Pa. Super. 2014), this Court held that the term "form of custody" as used in the Child Custody Act refers to the seven types of custody listed in Section 5323(a) of the Act. *Id.* at 402 (citing 23 Pa.C.S. § 5323(a)); *see also L.L.B. v. T.R.B.*, 283 A.3d 859, 863 (Pa. Super. 2022); *S.T.*, 192 A.3d at 1165. The types of custody listed in the statute are: (1) shared physical custody; (2) primary physical custody; (3) partial physical custody; (4) sole physical custody; (5) supervised physical custody; (6) shared legal custody; and (7) sole legal custody. 23 Pa.C.S. § 5323(a); *see also S.T.*, 192 A.3d at 1165. In *S.W.D.*, we held that when a trial court addresses a custody dispute that does not require the entry of an award of a form of custody, the court is not required to comply with Section 5328(a), which requires that a court consider the best interest factors delineated in that statute when "ordering any form of custody." 23 Pa.C.S. § 5328(a); *S.W.D.*, 96 A.3d at 402-04; (stating that "[n]ot every decision by a trial court in a custody case . . . entails an award of a form of custody," and holding that court was not required to consider Section 5328(a) factors when resolving dispute between parents involving place of child's schooling); *see also L.L.B.*, 283 A.3d at 863-64 (court not required to address Section

5328(a) factors when addressing discrete and ancillary issue of whether child should receive COVID-19 vaccine).

Here, the Motion for Hearing sought only that the court conduct an analysis of the potential threat of harm to Child by Mother and Father under Sections 5329 and 5329.1 and these statutes expressly provide that they are applicable where a "party seeks any form of custody." 23 Pa.C.S. §§ 5329(a), 5329.1(a). However, Father did not seek an award of any form of custody of Child in his Motion for Hearing, and there was no other request for an award of a form of custody pending in the trial court at the time that it ruled on the Motion for Hearing. Therefore, the trial court properly determined that it was not required to conduct any analysis under the plain language of Sections 5329 and 5239.1.[11] **See A.M. v. J.L.H.**, No. 677 WDA 2020, 2021 WL 929954, at *4 (Pa. Super. filed March 11, 2021) (unpublished memorandum) (holding that trial court was not required to evaluate mother's boyfriend's risk to child under Section 5329 where court "was not considering whether to award or modify a form of custody" and instead was only addressing discrete

---

[11] "It is axiomatic that the best indication of legislative intent is the plain language of the statute." **Doe v. Franklin County**, 174 A.3d 593, 605 (Pa. 2017); **see also** 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

and ancillary issue of whether boyfriend could be present during mother's custody time).[12]

Father also references Section 5330 in his brief, arguing that, even if the trial court could not have held a hearing under Section 5329 because Mother was not convicted of DUI, it should have conducted a Section 5330 hearing to evaluate her risk of harm to Child based upon the fact that she was charged with a DUI offense. Section 5330 requires the trial court to hold a hearing "in an expeditious manner" when a party to a custody matter obtains information that another party to the custody matter was charged with an offense listed in Section 5329(a). 23 Pa.C.S. § 5330(a). Father did not raise Section 5330 in his Motion for Hearing and therefore this statute was not before the trial court. In any event, a trial court's obligation to hold a hearing under Section 5330 is triggered when the party that has not been charged "move[s] for a temporary custody order or a modification of an existing custody order." *Id.* Because Father had not moved for a temporary custody order or to modify the existing custody arrangement, the trial court was not required to hold a Section 5330 hearing. *See A.M.*, 2021 WL 929954, at *4 (stating that Section 5330 was inapplicable in the matter before this Court because father was not seeking modification of a custody order on the grounds of pending criminal charges against mother).

---

[12] Though an unreported decision, we cite to *A.M.* for its persuasive value. *See* Pa.R.A.P. 126(b) (non-precedential Superior Court decisions filed after May 1, 2019 may be cited for their persuasive value).

Therefore, as Father did not request modification of custody in connection with his motion seeking a hearing under Sections 5329 and 5329.1 to assess the threat of harm he and Mother posed to Child, the trial court had no statutory authority to conduct such a hearing. Furthermore, because the trial court could conclude from a facial review of Father's Motion for Hearing that no further proceedings were required, the trial court did not violate Father's due process rights by ruling on the motion without a hearing and without considering his objections to Mother's motion to quash. **Cf. S.T.**, 192 A.3d at 1161-65 (due process requires that incarcerated parent be able to fully participate in hearing concerning that parent's request for supervised physical custody).[13]

In his second issue, Father argues that the trial court erred by applying the doctrine of *res judicata* to the present matter based upon the court's earlier rulings against Father in custody modification petitions, which was the

_____

[13] Father also contends that Judge Veon's July 27, 2022 order that cancelled the scheduled hearing and denied the Motion for Hearing violated the coordinate jurisdiction rule by overruling Judge Kistler's February 9, 2022 order. We disagree. "Under the coordinate jurisdiction rule . . ., a judge may generally not alter the resolution of a legal question previously decided by another judge of that court." **Xtreme Caged Combat v. Zarro**, 247 A.3d 42, 46-47 (Pa. Super. 2021). In his February 9, 2022 order, Judge Kistler did not grant Father's Motion for Hearing or rule on any legal questions raised in the filing. Instead, Judge Kistler's order merely scheduled a hearing "for consideration" of the Motion for Hearing—in effect a hearing to consider whether to hold a hearing pursuant to Sections 5329 and 5329.1. Order, 2/9/22. As Judge Kistler did not expressly resolve any legal issues in his February 9, 2022 order, Judge Veon did not violate the coordinate jurisdiction rule by later denying Father's motion and cancelling the previously scheduled hearing. **Xtreme**, 247 A.3d at 46-47.

primary argument raised by Mother in her motion to quash Father's Motion for Hearing. Father notes that this Court has held that the doctrine of *res judicata* cannot act as a bar to a petition for modification of custody based upon the principle that a custody order can be modified at any time. ***See, e.g.***, ***K.D. v. E.D.***, 267 A.3d 1215, 1224-25 (Pa. Super. 2021).

Father is entitled to no relief on this issue. The trial court stated in its Rule 1925(a) opinion that, contrary to Father's argument in his Rule 1925(b) statement, it did **not** deny his Motion for Hearing on the basis of *res judicata*. Trial Court Opinion, 9/27/22, at 4. Moreover, as explained above, we have concluded that the trial court had a proper legal basis, independent of the *res judicata* doctrine, for denying Father's request that the lower court conduct Section 5329 assessments of Mother and Father and a separate assessment as to Mother under Section 5329.1. ***See A.J.R.-H.***, 188 A.3d at 1175-76.

In Father's third and fourth issues, he challenges the trial court's August 5, 2022 denial of two other motions, his motion seeking Judge Veon's recusal and his motion seeking to vacate the appointment of counsel for Mother. We conclude that we may not reach the merits of the trial court's order denying these motions as they were not decided until after the court ruled on the Motion for Hearing. The order denying the Motion for Hearing was filed on July 27, 2022, while the motion for recusal and the motion for appointment of counsel were not filed until five days later on August 1, 2022. The trial court entered its order denying these latter two motions on August 5, 2022. Father filed his notice of appeal on August 25, 2022, and in the notice, he stated that

he was appealing from only the trial court's July 27, 2022 order. Father's Rule 1925(b) statement, however, indicated that he was also challenging on appeal the trial court's August 5, 2022 ruling on the motion to recuse and motion to vacate the appointment of counsel.

Generally, an appeal only may be taken from a final order, unless otherwise permitted by rule or statute. **K.M.G. v. H.M.W.**, 171 A.3d 839, 842 (Pa. Super. 2017). "A final order is one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination." **Id.** (citation omitted); **see also** Pa.R.A.P. 341(a)-(c). The trial court's August 5, 2022 order is a non-final order as it does not dispose of all the claims or parties, is not designated as a final order, and no statute defines it as final. **See In re Bridgeport Fire Litigation**, 51 A.3d 224, 229 (Pa. Super. 2012) ("[A]n order on a motion for recusal is an interlocutory order for purposes of an appeal."); **In re N.B.**, 817 A.2d 530, 533 (Pa. Super. 2003) (order denying mother's request for appointment of separate counsel than father in dependency proceeding is non-final).[14]

When a party files a notice of appeal from a final order, the appeal draws into question the propriety of the earlier non-final orders in that case. **See**

---

[14] We need not specifically address whether the August 5, 2022 order is an interlocutory order appealable as of right or by permission, **see** Pa.R.A.P. 311, 312, or a collateral order, **see** Pa.R.A.P. 313, as Father did not file a notice of appeal from the August 5, 2022 order.

Pa.R.A.P. 341, Note; **K.H. v. J.R.**, 826 A.2d 863, 870-71 (Pa. 2003) (appeal following trial and judgment against one defendant encompassed earlier entry of summary judgment in favor of other defendant); **Betz v. Pneumo Abex LLC**, 44 A.3d 27, 54 (Pa. 2012) (appeal from grant of summary judgment subsumes earlier ruling precluding the admission of expert opinion).  However, this rule applies to "**prior** non-final orders."  **K.H.**, 826 A.2d at 870-71 (emphasis added) (noting that this rule is derived from federal "merger rule," which treats prior interlocutory orders as merging into final judgment); **see also Quinn v. Bupp**, 955 A.2d 1014, 1020 (Pa. Super. 2008) ("[I]nterlocutory orders that are not subject to immediate appeal as of right may be reviewed in a subsequent timely appeal of a final appealable order or judgment.") (citation omitted).

If the trial court's rulings on the motion for recusal and the motion to vacate the appointment of counsel had preceded the court's denial of the Motion for Hearing, we would be permitted to address them in this appeal as prior non-final orders called into question by the issuance of a final order. **K.H.**, 826 A.2d at 870-71; **Betz**, 44 A.3d at 54.  However, because Father's motions were not decided—or even filed—until after the entry of the order under appeal, we are not permitted to do so.  **See Bridgeport**, 51 A.3d at 229-31 (addressing "somewhat anomalous situation" where non-final order denying recusal motion was not entered until after entry of judgment and holding that order denying recusal could only be appealed after trial court

ruled on other remand matters and finally resolved case).[15]  Therefore, Father is entitled to no relief on his third and fourth appellate issues.

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2023

---

[15] We recognize that, unlike in **Bridgeport**, there are no pending matters before the trial court.  However, in light of the fact that Child has not yet reached the age of majority and custody orders are always subject to modification, the possibility exists of future custody litigation that would allow Father to raise the denial of his recusal motion and his motion to vacate appointment of Mother's counsel in a subsequent appeal.