J-A05029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RICHARD H. REHAK, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIMBERLY L. REHAK | : | |
| | : | |
| Appellant | : | No. 1897 EDA 2022 |

Appeal from the Order Entered July 13, 2022,
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s):  2019-27893.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM PER CURIAM:                     **FILED FEBRUARY 14, 2023**

Kimberly L. Rehak ("Mother") appeals from the order denying her petition to modify custody of the parties' four children: J.T. age 17, Jax age 14, Adam age 10 and Annie age 5.  Mother filed the petition on February 14, 2022, only four months after the parties entered an agreed order on October 12, 2021, during which Mother was represented by counsel.  We dismiss the appeal.

As the trial court noted, this family has been in "crisis mode" for the last few years, with extensive litigation throughout 2020 and 2021.  T.C.O. 12/7/22, at 1.  In a psychological evaluation, performed by an agreed upon evaluator, Mother was diagnosed with "delusional disorder," a serious mental illness which manifests itself such that a person cannot discern what is real

from what is imagined.[1] *Id.* at 2. The trial court has devoted significant time and resources, including the enlistment of mental health professionals and a guardian *ad litem* for the minor children, to ensure their well-being and best interests. *Id.*

The trial court provided a detailed account of the litigation between the parties to ensure that this Court appreciated the complex and intricate nature of this custody case. We need not repeat that lengthy history here. By way of brief background, over the last three years, the parties appeared for more than 10 hearings on contempt petitions, petitions for protection from abuse,[2] and modification of custody before at least three different trial court judges in Montgomery County. The trial court held Mother in contempt three times and found that she "continues to demonstrate a lack of respect for and an unwillingness to comply with Court Orders." *Id*. at 8, n.24.

The older two children, JT and Jax, have primarily resided with Jonathan and Ashley Stunkard ("Maternal Uncle and Aunt") since May 2021.[3] The

---

[1] The record does not indicate that Mother is incapacitated, such that a guardian should be appointed to protect her legal interests. However, we caution the trial court to be mindful of this possibility in the event of future litigation. *See* Pa.R.C.P. 2056.

[2] All of Mother's protection from abuse petitions, as well as her numerous reports to child protective services against Father, were unfounded. T.C.O. 12/7/22, at 6, n.2.

[3] These two children were adopted by Father; their biological father is deceased. This custody arrangement was agreed to following attempts by Mother to alienate the older children against Father. The younger two children are Father's biological children.

younger two children, Adam and Annie, have resided primarily with Father since April 2021. Since the entry of the April 23, 2021 Order, Mother has specified time periods of supervised custody with all four children.

In her latest petition to modify custody, Mother sought to remove the supervision requirement of her custody time with the children. The custody conciliator recommended that the agreed upon order of October 21, 2021 remain the same, *i.e.*, that the supervision remain in place. Following a hearing, the trial court issued a nine page memorandum and order denying Mother's petition. Mother appealed. In her concise statement of errors complained of on appeal, Mother listed 18 points of error on four single-spaced typed pages. Her appeal was initially dismissed for failure to order and pay for the transcript. Ultimately, the appeal was reinstated and the court issued its 1925(a) opinion.

In her appellate brief Mother identifies four issues:

1. Were [Mother's] rights violated in relation to the custody of the minor children involved under 23 Pa. Code § 5328 (a)(2), in failing to consider the extensive [abuse] of [Father] in raising the minor children?

2. Were [Mother's] rights violated in relation to the custody of the minor children involved under 23 Pa. Code § 5328 (a)(7), in failing to consider the preferences of the children?

3. Were [Mother's] rights violated in relation to the custody of the minor children involved under 23 Pa. Code § 5328 (a)(8), in failing to consider the previous domestic violence of the [Father]?

4. Were [Mother's] rights violated to the custody of the minor children involved under 23 Pa. Code § 5428 (a)(9) is unconscionably considering the use of [Mother's] physical and mental health issues against her?

Mother's Brief at 3-4.

Before we address Mother's substantive issues, we note that Mother did not list any of these issues in her concise statement of errors complained of on appeal.

This Court has previously determined that:

issues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal.

A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. The court's review and legal analysis can be fatally impaired when the court must guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

***Commonwealth v. Scott***, 212 A.3d 1094, 1112 (Pa. Super. 2019) ((internal citations, quotations and brackets omitted).

Here, the trial court determined that Mother's Rule 1925(b) statement was vague instead of concise and, therefore, the court was unable to make any meaningful review of the errors she complained of. As a result, the court suggested that Mother waived all her appellate issues. T.C.O. 12/7/11 at 24-25. We agree. The trial court was not able to review or discuss any of the four specific errors Mother now lists in her appellate brief. Because we have

no trial court opinion on these issues, there is nothing for us to review; we dismiss Mother's appeal on this basis.

Even if Mother had identified these four issues in her concise statement, she fails to develop any meaningful argument on appeal. Our standard and scope of review in custody cases are as follows:

> We review a trial court's determination in a custody case for an abuse of discretion, and our scope of review is broad. Because we cannot make independent factual determinations, we must accept the findings of the trial court that are supported by the evidence. We defer to the trial judge regarding credibility and the weight of the evidence. The trial judge's deductions or inferences from its factual findings, however, do not bind this Court. We may reject the trial court's conclusions only if they involve an error of law or are unreasonable in light of its factual findings.

***L.L.B. v. T.R.B.***, 283 A.3d 859, 862–63 (Pa. Super. 2022) citing ***S.W.D. v. S.A.R.***, 96 A.3d 396, 400 (Pa. Super. 2014).

Here, Mother makes no argument that the trial court abused its discretion in keeping the supervision requirement of her partial custody in place. Moreover, she fails to cite any case law to support her claims of error. For these reasons, we may dismiss her appeal outright. ***In re W.H.***, 25 A.3d 330, 339 n.3 (Pa. Super. 2011) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); ***see also*** Pa.R.A.P. 2119(a) (argument section of appellate brief shall contain discussion of issues raised therein and citation to pertinent legal authorities).

Instead, Mother baldly asserts that the trial court erroneously failed to consider her allegations of abuse and domestic violence. She also claims the court did not consider the children's preferences and that the court used her mental health issues against her. Even if we considered these arguments, we would summarily reject them. First, they do not indicate an abuse of discretion. Moreover, the court properly considered the history of the parties, including the safety of the children and Mother's mental health, in keeping the supervision requirement of her custody in place. As the court observed,

> Mother continues to try to do everything she can to undermine the therapeutic process. Mother even went so far as to report [the court-ordered therapist] to professional licensing authorities in an attempt to derail the therapy. Her lack of compliance with all of the numerous previous orders pertaining to counseling (including the parties agreed Order of October 2021, directing this therapy to continue), clearly demonstrates that there has been absolutely no improvement in her behavior on this important point. Furthermore, her actions to obstruct therapy continue to be contrary to the best interests of the children.

T.C.O. at 27. Additionally, the court noted concerns that Mother still believes she is being tracked by the former chief operating officer of Facebook, that the government has implanted a device in her eye in order to track her, and that she is still convinced that Father is a Satanist. *Id.* at 28-30.

In sum, Mother has waived her issues on appeal for failure to include them in her concise statement of issues on appeal, and for failure to develop any meaningful argument on appeal. Moreover, even if the issues were not waived, the trial court did not abuse its discretion in keeping the supervision requirement of her custody in place.

- 6 -

Appeal dismissed. Oral argument scheduled for March 1, 2023, canceled.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023